Carman vs. Hurd.

## CARMAN VS. HURD.

1. BILL TO FORECLOSE MORTGAGE. A bill to foreclose a mortgage, though it may seek a discovery as to certain matters, is not demurrable for not stating that the complainant has no remedy at law and not being verified by the oath of complainant.

2. PRACTICE. It is the practice in chancery upon overruling a demurrer to enter a short rule for an answer, but it may be enlarged on cause shown.

3. LEAVE TO FILE AMENDED ANSWER. Leave to file an amended answer will not be granted after a replication and reference to a master, and the report of the master filed, except for extraordinary causes.

4. COMMISSION TO TAKE TESTIMONY. A commission to take a deposition is to be granted by the court or judge thereof, on proper application, but it will be denied if not seasonably made.

5. ERROR OF COMPUTATION WHEN DISREGARDED. An error in the computation of the amount due on a mortgage of 64 cents will be disregarded on appeal. Where the computation of the master was incorrect it was the duty of the party complaining to have excepted to the report in the court below and to have had it referred back to the master for correction.

APPEAL from the District Court for *Dane* County.

Bill to foreclose a mortgage filed by *Carman* against *Hurd* from which it appears that *Hurd* made a contract with *Carman* and one Barker to pay them at the landing at Dekorra on the Wisconsin river, 50,000 feet of good merchantable pine lumber valued at $12 per thousand, to be delivered in September, 1843, provided if there should not be a sufficient rise of water to run the same from Conant's mills before the last of September, then it was to be delivered as soon thereafter as there should be sufficient water to run the same; and in case of failure to perform the contract, then it was to become due in cash at $601.07; to secure the performance of the contract, *Hurd* executed to *Carman* and Barker a mortgage on certain property in Madison. Barker assigned his interest in the contract and mortgage to *Carman* December 20, 1843, and he filed his bill to foreclose the mortgage setting out the contract and mortgage and assignment, and

averred that there was a sufficient rise of water to run the lumber, and a failure to deliver it and non-payment of the specified sum.    September 14, 1844, the defendant filed a demurrer assigning several causes which was overruled October 28, 1844, and the defendant was ruled to answer by the next morning.    On the same day *Hurd* answered admitting the execution of the contract and mortgage and assignment to complainant, that there was a sufficient rise of water to run the lumber ; sets up that complainant afterward agreed with him to go to the saw mills in the pinery, where defendants lumber was to be sawed, and there receive it in the spring of 1844, and avers that the lumber was ready at such time and place to be delivered according to such agreement.    The answer set up certain set-offs to the complainants' claim amounting to about $220.    The complainant filed a replication to this answer and at the same term the cause was referred to take testimony.    May 20, 1845, the master filed his report.    At the June term, 1845, the defendant moved for leave to amend his answer by setting up other payments and other set-offs, which motion was founded upon the affidavit of J. G. Knapp which was to the effect that at the time of filing the answer he was not acquainted with the whole of the defendant's defense, that on the day the rule was entered his client, the defendant, was absent and did not return till late at night ; he had not time to learn the entire facts of the case, and that the defendant after being served with process had been absent a great portion of the time and he had never had full opportunity to counsel with him in relation to the cause, and that he was surprised at the shortness of the time allowed to answer.    The defendant in his affidavit stated that at the time of putting in his answer he had no means of ascertaining the amount he had paid complainant, as he had not settled with other parties in relation to some of the items in question and did not then have possession of certain orders drawn by Barker, one of the mortgagees.    The court denied the motion for leave to amend, and at the same term the special

master reported that it was necessary to issue a commission to take testimony for the defendant, but it does not appear that any action was taken thereon.   At the same term it was referred to the same master to compute the amount due and he reported the sum due to be $647.28, for which sum a decree in the usual form was entered and from which the defendant appealed.

John Catlin and T. P. Burnett, for appellee.

A. L. Collins and J. G. Knapp, for appellant.


DUNN, C. J.   James Carman, the complainant, filed his bill in the district court of Dane county, against Elliott Hurd, defendant, praying the court to decree foreclosure of a mortgage given by the defendant to said complainant and one Elvin Barker who had assigned all his interest therein to said complainant before the filing of said bill.

At the September term, 1844, of said court, defendant Hurd filed his demurrer to the complainant's bill, assigning causes of demurrer, which was overruled by the court, on the 13th day of said term.   On the 15th day of the term, complainant by his counsel, obtained a rule of court against said defendant, to answer by the morning after.   On the same day of the term, said defendant within the rule, filed his answer to complainant's bill, admitting the execution of the mortgage and assignment by Barker ; a sufficient rise in the Wisconsin river to enable the defendant to float the lumber contracted to be paid to complainant to the place of delivery, at and before the time agreed on, as charged by complainant in his bill, but sets up payment in part, set-off, and an alteration of the written agreement by a parol contract between complainant and defendant, and denies any notice of the assignment by Barker to complainant.   To this answer the complainant filed a general replication on the sixteenth day of the term, and on his motion the cause was referred to William N. Seymour, Esq., special master in

chancery, to take testimony and report at the next term of the court.

On the 20th May, 1845, the special master filed his report of testimony taken.

At the June term, 1845, the defendant moved for leave to amend his answer, by setting up new matters of payment and by way of set-off, and the motion was overruled by the court. At the same term, a reference was made to the master to compute the amount of principal and interest due on the mortgage to said complainant; and upon the coming in of the report, and its being received and confirmed, a decree of foreclosure was entered containing an order of sale of the mortgaged premises to satisfy the mortgage debt and interest due, reported at $647.28.

The objections taken to the proceedings and decree of the district court are various, and we will examine each as it is presented in the course of the proceedings. It is insisted that the court erred in overruling the demurrer. Some of the causes of demurrer are, that Elvin Barker, who assigned his interest in the mortgage to complainant, is neither made complainant nor defendant in said bill; that the bill does not charge that defendant had notice of the assignment by Barker to complainant; that the charges in complainant's bill, that there was a rise in the water sufficient to enable the defendant to float the lumber to Dekorra, the place of delivery; and that the 2,200 feet of lumber indorsed as paid on the agreement were never actually paid by defendant, are facts about which complainant seeks a discovery of defendant, and should have been verified by the complainant's affidavit; and that complainant does not charge that he has no legal remedy, and several other causes of the same force. It is scarcely necessary to say to a lawyer, that the demurrer could not be sustained on such grounds as these. The court did right in overruling the demurrer.

It is objected that the court erred in ruling the defendant to answer in so short a time after overruling the de-

murrer. It is the practice in chancery, to take a short rule for an answer, after overruling a demurrer. Any inconvenience from this rule may be obviated on motion for an extension of the rule, which will always be granted for satisfactory reasons shown. No request of this kind was made, and we must presume that the defendant was satisfied with the rule as he answered on the same day of the rule when he was not required to answer until the next day.

And it is insisted that the court erred in refusing defendant leave to amend by filing an amended answer. If we turn to the order of proceedings in this cause, it will be seen that this motion for leave to file an amended answer was made at the June term, 1845, after a general replication had been filed, and the cause referred to a special master to take testimony therein, at the September term, 1844, and after the coming in of the report of the master, of the testimony taken, on the 20th of May, 1845.

To have permitted the amendment at the time the leave was asked would have been a departure from the rules of chancery practice, which are liberal enough, and nothing short of extraordinary circumstances in the defendant's favor could justify the departure. These circumstances do not appear in the affidavits accompanying the motion for leave.

It is urged as error, that the court did not award a commission to take depositions on behalf of defendant, of witnesses residing in the pinery, upon the report of the master, Seymour.

If the defendant required a commission to take depositions, he should have made his application to the court in term, or to the judge in vacation, for the court of chancery is always open for such purposes, and his neglect to do so for some eight or nine months defeats his application at so late a period. The law favors the vigilant and not the tardy. It does not appear however, from the record, that a commission to take depositions was asked for by the defendant of the court.

The master reports that a commission was necessary— that subject was probably not referred to him.

An excess of some sixty-four cents of interest in the computation reported by the master, is complained of here. This is a small matter to urge in this court: *de minimis non curat lex.* The defendant should have excepted to the report, and had the matter re-referred for correct computation in the district court.

After having examined all the objections and errors urged in this court, we are of opinion that the decree of the district court herein be affirmed with costs, and seven per cent damages on the amount decreed to complainant.

Ordered that this affirmance be certified to said court, that the decree therein may be carried into effect.