# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP265 |
| COMPLETE TITLE: | Mauricio Aguilar, Dave Hughes, Daniel Radmer, Byron Slagle, Duaine Wagner and Michael Vinsant, Plaintiffs-Appellants-Cross-Respondents, <br> v. <br> Husco International, Inc., Defendant-Third-Party Plaintiff-Respondent-Cross-Appellant-Petitioner, <br> v. <br> International Association of Machinists and Aerospace Workers, District No. 10, Third-Party Defendant-Appellant-Cross-Respondent. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
(Reported at 354 Wis. 2d 526, 851 N.W.2d 802)
(Ct. App. 2014 – Published)
PDC No: 2014 WI App 64

| | |
|---|---|
| OPINION FILED: | April 1, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 3, 2015 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Dominic S. Amato |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-third-party plaintiff-respondent-cross-appellant-petitioner, the cause was argued by *John C. Schaak*, with whom on the briefs was *Jeffrey Morris, John C. Schaak*, and *Quarles & Brady LLP*, Milwaukee.

For the plaintiffs-appellants-cross-respondents and third-party defendant-appellant-cross-respondent, the cause was argued by *Nathan D. Eisenberg*, with whom on the brief was *Frederick Perillo, Yingtao Ho*, and *The Previant Law Firm, S.C.*, Milwaukee.

**2015 WI 36**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP265
(L.C. No. 2008CV1395)

STATE OF WISCONSIN      :      IN SUPREME COURT

Mauricio Aguilar, Dave Hughes, Daniel Radmer, Byron Slagle, Duaine Wagner, and Michael Vinsant,

      Plaintiffs-Appellants-Cross-Respondents,

  v.

Husco International, Inc.,

      Defendant-Third-Party Plaintiff-Respondent-Cross-Appellant-Petitioner,

  v.

International Association of Machinists and Aerospace Workers, District No. 10,

      Third-Party Defendant-Appellant-Cross-Respondent.

**FILED**

APR 1, 2015

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Reversed and remanded.*

¶1 N. PATRICK CROOKS, J. This wage claim case began when a union-initiated complaint was filed with the Department of Workforce Development on behalf of Thomas Kieckhefer and

similarly situated production and maintenance employees at Husco International, Inc. The complaint alleged Husco owed the employees wages for 20-minute meal breaks. Such breaks had been unpaid; the union had previously agreed to that in every collective bargaining agreement (CBA) negotiated since 1983 at the company's Waukesha plant. This had the effect of workers having a shorter work shift than they would have if the schedule complied with the regulation on unpaid meal breaks (a work shift of eight hours and 20 minutes rather than eight hours and 30 minutes). As it turns out, this provision was in conflict with a state regulation[1] that requires employers to pay employees for meal breaks that are shorter than thirty minutes.

¶2 The DWD regulation specifically allows employers and unions with a CBA to request a waiver from the State for shorter unpaid meal breaks,[2] but no such request was submitted in this

---

[1] Wisconsin Admin. Code § DWD 274.02 (2006) states, "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work." All references to the Wisconsin Administrative Code are to Wis. Admin. Code (2006).

[2] Wis. Admin. Code § DWD 274.05 states that, with exceptions that are not applicable here,

> [W]here a collectively bargained agreement exists, the department may consider the written application of labor and management for a waiver or modification to the requirements of this chapter based upon practical difficulties or unnecessary hardship in complying
>
> (continued)

2

case. After the conflict with the regulation was discovered, the practice was ended.

¶3 In response to the complaint on the matter, a DWD Equal Rights Division Labor Standards Bureau investigator reviewed information submitted by both sides in the matter. He then rendered a written decision stating that the Department would not seek collection of back wages on the grounds that the factors favoring a waiver were present in this case (specifically, that the parties to the CBA had agreed to the provision and that there was no evidence that the shorter meal breaks jeopardized the life, health, safety or welfare of employees). When the investigator's decision was appealed, DWD Equal Rights Division Labor Standards Bureau issued a letter representing the "final determination in this matter." That determination affirmed the decision not to seek back pay. A request for reconsideration was denied; the letter denying the reconsideration request, issued by the bureau director for the Labor Standards Bureau of the DWD Equal Rights Division, stated

therewith. If the department determines that in the circumstances existing compliance with this chapter is unjust or unreasonable and that granting such waiver or modification will not be dangerous or prejudicial to the life, health, safety or welfare of the employees, the department may grant such waiver or modification as may be appropriate to the case.

3

that "the union on behalf of its members can bring lawsuit against Husco in civil court" pursuant to Wis. Stat. § 109.11.

¶4 As permitted by that statute, six Husco employees brought suit in circuit court[3] January 28, 2008, on behalf of themselves and others similarly situated, seeking back pay for unpaid breaks taken during the two-year period preceding the filing of their complaint.[4] The complaint noted that plaintiffs had "exhausted all available administrative remedies under Chapter 109 of the Wisconsin Statutes." When the circuit court denied both parties' summary judgment motions, the parties sought interlocutory appeal. The court of appeals[5] held that the matter was appropriate for summary judgment and granted summary judgment to the plaintiffs, reasoning that the CBA could not trump the DWD meal-break regulation. Husco petitioned this court for review, which we granted.

---

[3] Milwaukee County Circuit Court, the Honorable Dominic Amato, presiding.

[4] The meal break provision was first included in the 1983-1985 CBA and continued in each of the subsequent agreements, including the 2006-2010 CBA. Under Wis. Stat. Chapter 111, Employment Relations, "Back pay liability may not accrue from a date more than 2 years prior to the filing of a complaint with the department." Wis. Stat. §111.39. The complaint was filed on January 28, 2008, claiming back pay that was accrued after January 28, 2006.

[5] Aguilar v. Husco Int'l, Inc., 2014 WI App 64, ¶11, 354 Wis. 2d 526, 851 N.W. 802.

¶5 We agree with the court of appeals that summary judgment is appropriate.[6] All parties stipulate that there are no disputed facts material to the issue, and there exists no evidence in the record to the contrary.[7] The starting point of our analysis, because this case involves a CBA and a dispute between labor and management, is to resolve the question of whether federal preemption applies to the plaintiffs' claim. If plaintiffs' claim involves the interpretation of a CBA, this case is controlled by §301 of the Labor Management Relations Act, 29 U.S.C. § 185, which governs "[s]uits for violation of contracts between an employer and a labor organization representing employees[.]" Because of the interest in uniform law in this area, "federal law is clear that, where there is a sec. 301 claim, federal substantive law (irrespective of the forum) must control. Teamsters Local v. Lucas Flour Co., 369 U.S. 95 (1962), rules out the application of incompatible state

---

[6] Lewis v. Physicians Ins. Co. of Wis., 2001 WI 60, ¶9, 243 Wis. 2d 648, 627 N.W.2d 484 ("This case is before us on a grant of summary judgment. Because the parties have stipulated to the facts, this appeal only raises a question of law, which we review de novo.").

[7] Id.

law and mandates that federal law must prevail in a sec. 301 case . . . ."[8]

¶6 The test for whether a plaintiff's state-law claim is a Section 301 claim is whether resolving the case "requires the interpretation of a collective-bargaining agreement."[9] Applying that test to these facts, we conclude that federal preemption does not apply to plaintiffs' claim because this dispute requires no interpretation of the CBA. Case law is quite clear that "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301."[10]

¶7 Having ascertained that state law governs the claim before us, we turn to the substantive question: Are the employees entitled, under Wis. Admin. Code DWD § 274.02, to back pay for the unpaid meal breaks in this case? Plaintiffs pursued this claim in circuit court after exhausting their administrative remedies, so we have the benefit in this case of the agency's interpretation of DWD § 274.02, its own regulation,

---

[8] Int'l Ass'n of Machinists & Aerospace Workers, IAM Local 437 v. U.S. Can Co., 150 Wis. 2d 479, 487, 441 N.W.2d 710 (1989).

[9] Miller Brewing Co. v. DILHR, 210 Wis. 2d 26, 39, 563 N.W. 460 (1997) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988)).

[10] Id.

which is given "controlling weight" if it is "reasonable and consistent with the meaning and purpose of the regulation."[11] We conclude that the Department's interpretation and decision not to seek recovery of back pay in this case is reasonable and consistent with the purpose of the regulation because the regulation's purpose is to protect the life, health, safety, and welfare of the employees, and to accommodate reasonable departures from the rule on meal break length where, under a CBA, labor and management have agreed on that issue.

¶8 We therefore reverse the court of appeals and remand for entry of summary judgment in favor of Husco.

## I. FACTS & PROCEDURAL HISTORY

[11] The level of deference we grant in this situation has been compared to the "great weight" deference sometimes applied to an agency's statutory interpretations.

> [F]or an agency's interpretation of its own rules or regulations, if the interpretation is reasonable and consistent with the intended purpose, we generally apply either "controlling weight" or "great weight" deference. However, despite the difference in terminology, the deference we give to an agency interpretation of its own rules is similar to the great weight standard applied to statutory interpretations. Both great weight deference and controlling weight deference turn on whether the agency's interpretation is reasonable and consistent with the meaning or purpose of the regulation or statute.

DaimlerChrysler v. Labor & Indus. Review Comm'n, 2007 WI 15, ¶15, 299 Wis. 2d 1, 727 N.W.2d 311, opinion clarified on denial of reconsideration, 2007 WI 40, ¶15, 300 Wis. 2d 133, 729 N.W.2d 212 (internal citations omitted) (emphasis added).

¶9 There is no dispute on the central facts: that for decades, the union and Husco agreed, via the CBA, to unpaid meal breaks shorter than 30 minutes; that DWD § 274.02 allows parties to a CBA to obtain a waiver for such a practice; and that no such waiver was obtained. From 1983 through 2007, successive CBAs between Husco and District No. 10 of the International Association of Machinists and Aerospace Workers Union (District 10) provided that meal breaks would be unpaid and last 20 minutes. All parties agree that these were the terms of the CBA in effect during the relevant period.

¶10 Following the discovery, in late 2006, that DWD § 274.02 was in conflict with the CBA provision, District 10 sent a letter to Husco asserting that Husco was required to pay employees for the unpaid breaks notwithstanding the CBA. Husco instead proposed that Husco and District 10 jointly seek a waiver from DWD to resolve the matter. District 10 declined to do so unless Husco gave the employees new, additional monetary concessions in return, such as cash payments or reinstatement of employee pensions. Husco declined to do so. When the parties were unable to reach a resolution, Husco unilaterally extended

8

employee meal breaks to 30 minutes, ending the practice of the shorter unpaid meal breaks on October 2, 2007.[12]

¶11  In the meantime, District 10 had filed its complaint with DWD on February 9, 2007.  In a July 16, 2007, letter, the DWD notified the union that the DWD would not seek back pay for the following reasons.  It said even though the 20-minute unpaid breaks were technically violations of the code, it would be unreasonable to grant back pay because the breaks had posed no health or safety concerns, the statute permits waivers in circumstances such as these, and the employees had enjoyed other benefits in exchange for the agreement to have the short unpaid meal periods.  The union sought review of the decision and received a final determination from the agency that no back pay would be sought.  The union requested reconsideration, and the Department "reaffirm[ed] the earlier final determination."

¶12 The plaintiffs then brought suit in state court pursuant to Wis. Stat. § 109.03(5), which authorizes such claims: parties may choose to pursue administrative remedies and then file in civil court if necessary, or they may bring the

---

[12] The company's right to act unilaterally to alter the meal breaks was disputed by the union and was resolved through arbitration pursuant to the CBA.  That dispute is not relevant to the issues before us.

claim directly to civil court.[13] Husco then successfully removed the action to federal court on the grounds that plaintiffs' claim required interpretation of the CBA and was thus subject to Section 301 preemption. Husco raised affirmative defenses of unjust enrichment, equitable estoppel, waiver, and failure to mitigate damages. Husco also filed a third-party claim against District 10 seeking indemnification for any wage liability on the grounds that the union had breached its contractual duty of good faith and fair dealing, and on grounds of unjust enrichment and promissory estoppel.

¶13 The case proceeded in federal court for a time, and the United States District Court for the Eastern District of

---

[13] Wisconsin Stat. § 109.03(5) states:

> Each employee <u>shall have a right of action against any employer for the full amount of the employee's wages</u> due on each regular pay day as provided in this section and for increased wages as provided in s. 109.11 (2), <u>in any court of competent jurisdiction</u>. An employee may bring an action against an employer under this subsection without first filing a wage claim with the department under s. 109.09 (1).

(Emphasis added.) <u>See also</u> <u>German v. Wis. Dep't of Transp., Div. of State Patrol</u>, 2000 WI 62, ¶10, 235 Wis. 2d 576, 612 N.W.2d 50. In this case the Husco employees opted to file a wage claim with the Department and exhausted administrative remedies within the Equal Rights Division of the Department of Workforce Development. (Claims involving unemployment insurance, worker's compensation, and employment discrimination may be appealed to the Labor and Industry Review Commission; however, LIRC's jurisdiction does not extend to wage claims. <u>See</u> Wis. Admin. Code § LIRC 1.01.)

Wisconsin Stat. § 227.52 also provides a mechanism for judicial review of certain administrative decisions; a DWD decision on wage claims such as this one does not fall into any of the categories excluded from judicial review in that statute. Plaintiffs in this case did not bring their claim under Wis. Stat. § 227.52; they brought the claim under Wis. Stat. § 109.03(5).

Wisconsin certified it as a class action. But the district court ultimately remanded the case to state court on its own motion, holding that, contrary to Husco's contention, plaintiffs' claim was not a Section 301 claim. Consistent with its ruling in a contemporaneous case with virtually identical facts, the district court ruled that there was no basis for federal jurisdiction.[14]

¶14 Its analysis focused on the two objectives for federal law preemption of state law in labor disputes: to keep states from "purport[ing] to determine the meaning of collective-bargaining agreements" and to keep plaintiffs from "bypass[ing] arbitration over a claim for breach of the agreement."[15] It observed that "[t]his claim is not one in which state law purports to determine the meaning of terms in the CBA. Nor does plaintiffs' right to relief depend on establishing a breach of the CBA."[16] It noted that in the absence of original federal subject matter jurisdiction conferred by a Section 301 claim, it had no authority to hear the case and that it had therefore also been without authority to certify the case as a class action.

---

[14] _Aguilar v. Husco Int'l, Inc._, No. 2:08-cv-0015-LA, unpublished slip op. at 2 (E.D. Wis. August 11, 2011).

[15] _Id._ at 3.

[16] _Id._ at 4.

¶15 Back in state court, in Milwaukee County Circuit Court, the parties stipulated to having the case certified as a class action. All parties stipulated that there were no material factual disputes and the matter was appropriate for summary judgment; nevertheless, the circuit court denied summary judgment motions from all parties on the grounds that there existed material factual disputes requiring credibility determinations.[17]

¶16 All parties sought interlocutory review of the circuit court's order. On review, the court of appeals held that the matter was ripe for summary judgment.[18] It reversed the circuit court's denial of summary judgment to the employees and granted summary judgment to the employees on the wage claim on the grounds that "absent a waiver from the DWD, Husco cannot circumvent its statutory obligation to compensate the employees for breaks under 30 minutes."[19] It held that Husco's third-party claim against District 10 had to be dismissed given that it

---

[17] The circuit court reasoned that there was a material issue of fact as to whether each member of the class made an intentional, knowing, voluntary, and understanding waiver of his or her rights. As noted above, we agree with the court of appeals that there is nothing in the record on which to base a finding that disputed facts existed that precluded summary judgment.

[18] Aguilar, 354 Wis. 2d 526, ¶11.

[19] Id., ¶14.

12

depended substantially on interpretation of the CBA and was therefore preempted by Section 301. The parties petitioned and cross-petitioned for review, and we granted both the petition and the cross-petition.

## II. STANDARD OF REVIEW

¶17 This court applies the same summary judgment standards as the circuit court, pursuant to Wis. Stat. § 802.08(2) and Bell v. County of Milwaukee, 134 Wis. 2d 25, 30, 396 N.W.2d 328 (1986). Summary judgment is appropriate when there are no issues of material fact and only a question of law is presented. Id. As to the first question concerning the application of federal labor contract law, "[t]he pre-emptive effect of § 301 is a question of law." Miller Brewing Co. v. Dep't of Indus., Labor & Human Relations, Equal Rights Div., 210 Wis. 2d 26, 33, 563 N.W.2d 460 (1997). As to the second, in which we review a decision of the DWD concerning DWD §274.02, the standard is well established:

> [F]or an agency's interpretation of its own rules or regulations, if the interpretation is reasonable and consistent with the intended purpose, we generally apply either "controlling weight" or "great weight" deference. However, despite the difference in terminology, the deference we give to an agency interpretation of its own rules is similar to the great weight standard applied to statutory interpretations. Both great weight deference and controlling weight deference turn on whether the agency's interpretation is reasonable and consistent

13

with the meaning or purpose of the regulation or statute.

DaimlerChrysler v. Labor & Indus. Review Comm'n, 2007 WI 15, ¶15, 299 Wis. 2d 1, 727 N.W.2d 311, opinion clarified on denial of reconsideration, 2007 WI 40, ¶15, 300 Wis. 2d 133, 729 N.W.2d 212 (internal citations omitted).  Further, an interpretation that is subject to such deference needs to "merely be reasonable for it to be sustained."  Harnischfeger Corp. v. Labor & Indus. Review Comm'n, 196 Wis. 2d 650, 661, 539 N.W.2d 98 (1995).  "An administrative agency's interpretation of its own rules is controlling unless plainly erroneous or inconsistent with the language of the rule."  State v. Busch, 217 Wis. 2d 429, 441, 576 N.W.2d 904 (1998).

### III. SECTION 301 PREEMPTION

¶18  As noted above, the first question our analysis must answer when we are presented with a labor dispute is whether, as to plaintiffs' claim, federal law preempts state law.  As noted above, this court set forth the rationale and framework for Section 301 preemption in Miller Brewing, 210 Wis. 2d at 35-40:

> [Section] 301 pre-emption preserves the central role of arbitration in labor disputes, by ensuring that employees exhaust the grievance procedures set forth in a [CBA] before bringing a claim in court. . . . [Section] 301 pre-emption ensures that common terms in collective bargaining agreements are not given different interpretations in different jurisdictions . . . .

Miller Brewing, 210 Wis. 2d. at 37 (internal citations omitted). To accomplish its purposes, Section 301 is given "unusual pre-

14

emptive power." Livadas v. Bradshaw, 512 U.S. 107, 122 n.16 (1994). Conversely, preemption does not apply where its application would not accomplish those purposes: "[W]hen the collective bargaining agreement is merely a tangential consideration in the resolution of an otherwise independent state law action or where resort to its provisions is merely pro forma, we can say with confidence that such consultation does not trigger § 301 preemption." Loewen Group Int'l Inc. v. Haberichter, 65 F.3d 1417, 1422 (7th Cir. 1995). The test is therefore whether the state law claim "requires the interpretation of a collective bargaining agreement." Miller Brewing, 210 Wis. 2d at 39.

¶19 That test is clear and its application here is straightforward. Federal preemption does not apply to plaintiffs' claim because this dispute requires no interpretation of the CBA. Though Husco won removal to federal district court on the grounds that plaintiffs' claim was subject to Section 301 preemption, it no longer makes that argument. The parties have since shifted their focus to the applicability

of preemption to Husco's equitable defenses[20] and to Husco's third-party claim against District 10 for indemnification. Given our resolution of the case on other grounds, it is unnecessary to reach either of those issues.

¶20 In this case, the claim is that employees are entitled to back pay under DWD § 274.02. The CBA permitted unpaid meal breaks that were 10 minutes shorter than the regulation requires for unpaid meal breaks. There is no assertion that the CBA's terms were violated or that the CBA itself requires that Husco pay employees for the meal break time. There is no dispute about any of the terms of the CBA, nor is there any dispute about the interplay between the CBA and the regulation that requires us to define and put a value on any other benefits employees received under the CBA. The sole question is whether the DWD's interpretation of its own rule was

---

[20] In general, a defense that implicates federal preemption cannot serve as the basis for original federal court jurisdiction; such jurisdiction is based on whether the claim itself arises under federal law. However, when Congress has completely preempted a given area of state law, the complete preemption exception permits recharacterization of a plaintiff's state law claim as a federal claim. Bruneau v. Federal Deposit Ins. Corp., 981 F.2d 175, 179 (5th Cir. 1992). As to whether a defense requiring interpretation of a CBA is sufficient to compel § 301 preemption such that federal law governs the claim, there is a circuit split in federal courts. See Schacht v. Caterpillar, 503 U.S. 926, 927 (1992) (J. Blackmun dissenting) (noting the split over whether a claim can be preempted by a defense requiring interpretation of a CBA).

16

reasonable. Answering that question does not require the court to construe any of the terms of the CBA. It is, in the words of Miller Brewing, a "dispute concerning employment" that "tangentially involv[es] a collective bargaining agreement." Miller Brewing, 210 Wis. 2d at 39. There is therefore no requirement that federal law govern our analysis.

## IV. DWD'S INTERPRETATION OF ITS OWN REGULATION

¶21 "Under the authority of § 103.02 the DWD has promulgated an administrative rule requiring employers to pay employees for on-duty meal periods. Wis. Admin. Code § DWD 274.02(3)." German v. Wisconsin Dept. of Transp., Div. of State Patrol, 2000 WI 62, ¶10, 235 Wis. 2d 576, 612 N.W.2d 50. Given that this case presents an agency's interpretation of its own regulation, the question we next address, applying the appropriate standard of review, is whether the DWD decision in this case is "reasonable" and "consistent with the purpose of the regulation."

¶22 The regulation that we are concerned with, DWD § 274.02, states that meal breaks of under 30 minutes cannot be unpaid. In interpreting its regulation, the DWD also took into consideration DWD § 274.05, which permits waivers for the meal-break rule for parties to a CBA.

¶23 Wisconsin Admin. Code § DWD 274.02 states, "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal

17

period where the employer does not provide at least 30 minutes free from work."

¶24 Wisconsin Admin. Code § DWD 274.05 states that, with exceptions that are not applicable here,

[W]here a collectively bargained agreement exists, the department may consider the written application of labor and management for a waiver or modification to the requirements of this chapter based upon practical difficulties or unnecessary hardship in complying therewith. If the department determines that in the circumstances existing compliance with this chapter is unjust or unreasonable and that granting such waiver or modification will not be dangerous or prejudicial to the life, health, safety or welfare of the employees, the department may grant such waiver or modification as may be appropriate to the case.

¶25 The DWD interpretation of DWD 274.02 in this factual situation focused on the availability of the waiver and the lack of any prejudice to the life, health, safety, or welfare of the employees. The record contains three documents from DWD: the initial determination by an investigator, the agency's final determination, and a letter reaffirming the final determination.

¶26 The initial decision of the DWD Labor Standards Investigator is dated July 15, 2007.[21] This letter to counsel regarding the employee's back-pay claim against Husco states that the investigator has "reviewed all of the information provided by both sides in this matter." It briefly recites the evidence the investigator has considered and cites to the

---

[21] The DWD case number for this case, Thomas Kieckhefer v. Husco International, Inc., is Equal Rights Division Case 200700593.

regulation. It states, "It is not disputed that the parties failed to request a waiver from the department under DWD 274.05. However, that is a technical violation of the code." After noting that there was no reason to think that the agreement "jeopardized the life, health, safety or welfare" of the employees and that the meal-break length had been a part of "the give and take of collective bargaining," the decision concluded, "Based on my review of this matter, the factors required to approve a waiver or modification of DWD 272.02 are present in the facts of this case." The letter advised of the availability of administrative review.

¶27 The agency's final determination, dated September 17, 2007, is a letter from Labor Standards Bureau Director Robert S. Anderson to plaintiff's counsel in response to the request for administrative review. The letter makes the following statements:

- "This letter constitutes the department's review of the initial determination and final determination in this matter."

- "You have appealed the initial determination with respect to the department's decision not to collect any back wages for the workers."

- "The department believes that collecting unpaid wages for the meal periods in question would result in an unjust enrichment of the workers in this case. . . . Consequently, the department reaffirms its

position not to seek collection of any back wages in this case."

¶28 The final determination was affirmed by a third letter, also signed by Director Anderson and dated October 8, 2007, which states that it is a response to counsel's request for the Department to "reconsider its final determination" in the case. This letter states, "On behalf of the department I am reaffirming the earlier final determination. . . . The department therefore is hereby closing its case in this matter." The letter also observed that Wisconsin statutes provide the option to bring civil suit against the employer.

¶29 We first address the parties' disagreement about whether the DWD decision constitutes the kind of agency decision that is accorded deference.

¶30 At the circuit court summary judgment motion hearing, the circuit court asked the parties for their positions on the significance of the DWD decision. Plaintiffs' counsel agreed with the characterization that "what the DWD did here is not binding on the court." Counsel for Husco acknowledged that the DWD decision was not "binding on the court" and stated its position as being that DWD's interpretation of rules was "controlling." Husco did not take the position that plaintiffs "are precluded from bringing a claim." No party asserts that the DWD decision is "binding" on this court.

¶31 The correct question is not whether the DWD decision is binding; there is no authority for the proposition that an agency interpretation of its own rules is binding on a court.

The correct question is whether there is an agency interpretation of its own regulations, and if so, whether that interpretation is reasonable and consistent with the purpose of the regulation, and, therefore, entitled to controlling weight deference.

¶32 Plaintiffs dispute the characterization that there is an agency decision in this case that should be accorded deference. Plaintiffs cite to Building Trades Council v. Waunakee Community School District, 221 Wis. 2d 575, 585 N.W.2d 726 (Ct. App. 1998), for the proposition that "[o]pinions by a single agency employee are not an official interpretation by the agency and are not entitled to any deference from the Court." Resp. Br. at 26. In that case, a party sought to obtain "great deference" to the propositions in two letters it had obtained from state employees for use as evidence to bolster its open records request. Id. at 588. The letters were not decisions from prior proceedings in the case, and the court noted that the first document was "not at all the type of contested-case agency decision to which . . . courts will traditionally accord some degree of deference[,]" and the second was "no more than a statement of the writer's understanding of a position taken by another state agency." Id. at 588-589. In contrast, the DWD decision at issue in this case was quite clearly the result of a contested process and involved the submission of evidence and arguments by both parties. The DWD issued what it deemed "the

21

department's review of the initial determination and final determination in this matter."[22]

¶33 The other cases Plaintiffs cite for the proposition that discretionary agency decisions are not "final agency decisions subject to judicial review" are likewise inapplicable and unpersuasive. See Wis. Environmental Decade v. Public Service Comm'n, 93 Wis. 2d 650, 659, 287 N.W.2d 737 (1980) (determining that an order denying a petition for an investigation did not qualify as an administrative decision for purposes of judicial review under Wis. Stat. Chap. 227); Tyler v. State Dept. of Public Welfare, 19 Wis. 2d 166, 119 N.W.2d 460 (1963) (holding that there was no legal right to court review of parole board decision because there is no legal right to release on parole); and Wisconsin Professional Police Ass'n v. Public Service Comm'n, 205 Wis. 2d. 60, 555 N.W.2d 179 (1996) (reviewing a discretionary decision by the Commission "under the arbitrary and capricious standard").

¶34 Unlike those examples, this case involves two parties represented by counsel who prepared information and submitted it for review to the agency investigator. The plaintiffs appealed and later requested reconsideration from the agency. The facts

---

[22] Plaintiffs compare these letters to the affidavit of Robert Anderson, prepared for this litigation after he left the DWD and after litigation started, that Husco relied on as evidence that the waiver would have been granted if requested. Our decision is based on the agency's determination as represented in the Sept. 17, 2007, letter and not on the contents of the Anderson affidavit.

were limited and undisputed. There is no question that the regulation was promulgated by DWD and no question that it is the agency charged with administering and resolving employment disputes. We therefore treat the DWD decision as one by an agency interpreting its own rules. As noted above, the standard we employ when reviewing an agency's interpretation of its own rules is that it is due controlling weight. This recognizes the expertise and experience of DWD in both legal questions raised by employment disputes and technical matters such as formulas for back-pay calculations. See Kuhnert v. Advanced Laser Machining, Inc., 2011 WI App 23, ¶12, 331 Wis. 2d 625, 794 N.W.2d 805 (stating that "the department's methodology for calculating . . . overtime pay is entitled to great weight deference. . . . [N]either the statutes nor the administrative code define 'regular rate of pay' or the appropriate method for calculating it.")

¶35 The facts set forth above show the text of the regulations and the reasoning of the Department. The DWD decision rests in large part on the investigator's determination that the failure to obtain the waiver that would have satisfied the regulation was "a technical violation" that did not warrant awarding back pay because "the factors required to approve a waiver or modification of DWD 272.02 are present in the facts of this case."

¶36 We cannot say that the decision not to pursue an award of back pay is unreasonable. As noted above, the "controlling weight" given to an agency's interpretation of its own

23

regulations is the equivalent of the "great weight deference" given in some circumstances to an agency's interpretation of a statute. We have explained how great that weight is:

> [T]he important difference between great weight and due weight deference [is that] a more reasonable interpretation overcomes an agency's interpretation under due weight deference, while <u>under great weight deference, a more reasonable interpretation will not overcome an agency's interpretation</u>, as long as the agency's interpretation falls within a range of reasonableness.

<u>UFE, Inc. v. LIRC</u>, 201 Wis. 2d 274, 288, 548 N.W.2d 57 (1996). To find for Plaintiffs, we would have to take the position that in spite of the fact that there was no violation of the CBA (the terms of which they agreed to); no allegation of risk to workers' life, health, safety or welfare; and no likely alternative to simply adding ten minutes to the lunch break (and as a result, imposing a longer workday)——which is exactly what later happened——it is outside the range of reasonableness for DWD to deny back pay and deem the violation to be technical. In fact, simply put, DWD's determination is reasonable.

¶37 Nor can we say that it is contrary to the purpose of the regulation. Where the regulation contains an exemption that applies under specific circumstances and the exemption may be granted in the Department's discretion, the regulation's purpose is served where the Department has made such a determination.

¶38 We therefore reverse the court of appeals and remand for entry of summary judgment in favor of Husco.

V. CONCLUSION

24

¶39 Plaintiffs pursued this claim in circuit court after exhausting their administrative remedies, so we have the benefit in this case of the agency's interpretation of DWD § 274.02, its own regulation, which is given "controlling weight" if it is "reasonable and consistent with the meaning and purpose of the regulation."  We conclude that the Department's interpretation and decision to deny recovery of back pay in this case is reasonable and consistent with the purpose of the regulation because the regulation's purpose is to protect the life, health, safety, and welfare of the employees and to accommodate reasonable departures from the rule on meal break length where, under a CBA, labor and management have agreed on that issue.

¶40 We therefore reverse the court of appeals and remand for entry of summary judgment in favor of Husco.

*By the Court.*—Reversed and remanded.