PATIENCE DRAKE ROGGENSACK, C.J.
¶ 108. (concurring in part, dissenting in part). While I do not join the lead opinion,[1] I agree with its conclusion that donning and doffing of company-required clothing and gear at the beginning and end of the workday is "an integral part of a principal activity" of Hormel Foods Corporation for which compensation is required.[2] I also agree that under the facts of this case Hormel is not relieved of its obligation to compensate for 5.7 minutes per day for those tasks by the de minimis rule.[3]
¶ 109. I dissent from the lead opinion because I conclude that Hormel is not required to further compensate its employees due to doffing and donning by employees who choose to leave the workplace for lunch. Leaving during the lunch break serves no interest of Hormel, is not "an integral part of a principal activity" of the employer within the meaning of Wis. Admin. Code § DWD 272.12(2)(e)l. (2009), and serves only employees' interests. I also dissent because I would cabin the time for which compensation is due each *167 employee at 5.7 minutes per workday. That is the total time presented to us as a stipulation by the parties for an employee to accomplish donning and doffing at the beginning and end of a workday. If the time allocated for donning and doffing were not cabined at a specified number of minutes per employee per workday, the de minimis rule would preclude compensation because keeping accurate payroll records of the varying time that each employee spends donning and doffing on each workday would appear to be a nearly impossible administrative task for Hormel. Cabining the time at a specified number of minutes per employee per workday for which compensation is due was the mode employed in prior contracts between Hormel and the Union for those tasks. Accordingly, I respectfully concur in part and dissent in part from the lead opinion.
I. BACKGROUND
¶ 110. The lead opinion ably sets out facts as presented by the parties, who do not dispute what occurred on a factual basis. I repeat only a few facts here to draw the reader into the discussion that follows.
¶ 111. This is a wage and hour claim against Hormel, whose business is food production. Hormel's Beloit plant has assembly-line food preparation where raw materials enter the facility and move through a production-line process where meat, seasonings and other ingredients are ground, chopped and prepared for cooking and canning. During part of the food preparation, product ingredients are in open containers as employees work to prepare and cook various raw materials. The production process of food products ends when high temperature, heavy pressure canning occurs.
*168 f 112. The claim here arises because Hormel requires employees to wear Hormel-provided clothing, "whites," and protective gear, such as glasses, hair and beard nets, and hard hats, while working and to remove the whites and gear before they leave Hormel's facility.[4] When employees choose to leave Hormel's facility during the 30-minute lunch break, they are required to doff their whites and gear and to don them again before they return to food preparation.
¶ 113. Hormel is not currently compensating employees for donning and doffing. However, in an earlier union contract, Hormel compensated employees 12 minutes per day for these tasks.[5] During subsequent contract negotiations, the Union bargained away this compensation provision.[6]
f 114. The parties stipulated that 5.7 minutes is the total average time per day an employee requires to don and doff whites and gear at the beginning and end of the workday. The questions presented to us are four-fold: (1) whether donning and doffing of clothing and gear that Hormel requires employees to put on at the start of the workday and remove before they leave the workplace is time worked for which compensation *169 is due under Wisconsin law; (2) whether doffing and donning of clothing and equipment that occurs when employees choose to leave during the 30-minute lunch break is time worked for which compensation is due under Wisconsin law; (3) whether Hormel is relieved from compensating its employees for donning and doffing by the de minimis rule; and (4) if the de minimis rule does not apply, what is the amount of time for which compensation is due for past, and will be due for future, donning and doffing.
II. DISCUSSION
A. Standard of Review
¶ 115. To decide the questions presented, we must interpret Wisconsin Administrative Code provisions, most specifically, Wis. Admin. Code § DWD 272.12(2)(e)l., as it drives the determination of "hours worked" by Hormel employees. In that regard, whether donning and doffing are "an integral part of a principal activity" of the employer within the meaning of § DWD 272.12(2)(e)l. is a question of law that we review independently. DaimlerChrysler v. LIRC, 2007 WI 15, 1 10, 299 Wis. 2d 1, 727 N.W.2d 311.
¶ 116. If Wis. Admin. Code § DWD 272.12(2)(e)l. applies to donning and doffing, whether the de minimis rule nevertheless precludes Hormel employees' recovery for otherwise compensable time is also a question of law for our independent review. Lindow v. United States, 738 F.2d 1057, 1062 (9th Cir. 1984).
B. Section DWD 272.12(2)(e)l.
1. Beginning and end of workday
¶ 117. If donning and doffing come within Wis. Admin. Code § DWD 272.12(2)(e)l., those tasks are *170 part of the hours worked for which compensation is due because they are part of the "Workday." § DWD 272.12(l)(a)2. I agree with the lead opinion's conclusion that § DWD 272.12(2)(e)l. requires Hormel to compensate its employees for 5.7 minutes per day that have been cabined for donning and doffing clothing and equipment at the beginning and end of the workday.[7] I agree because a principal activity of Hormel is sanitary food production and Hormel's requirement that employees wear clean whites, hair nets, beard nets and other equipment designed to keep foreign objects out of the food is an integral part of the production of sanitary food. See § DWD 272.12(2)(e)l.c. As the court of appeals correctly reasoned in regard to Weissman's claim for donning required clothing and gear at the start of the workday and doffing at day's conclusion, "donning and doffing here constitute 'preparatory and concluding' activities that are 'an integral part of a principal activity'" of the employer, again sanitary food production. Weissman v. Tyson Prepared Foods, Inc., 2013 WI App 109, ¶ 2, 350 Wis. 2d 380, 838 N.W.2d 502.
2. Lunch break
¶ 118. The circuit court granted compensation for doffing and donning clothing and gear for those employees who chose to leave Hormel's facility during their lunch break. The Union had asked for 30 minutes of additional compensation because it claimed that doffing and donning in order to leave the workplace during lunch break caused the break to be less than 30 minutes long and therefore compensation for the full 30 minutes was due.
*171 ¶ 119. Before us, the Union renews its claim that compensation is due for an additional 30 minutes because the time required for doffing and donning that occurs when employees choose to leave the workplace reduces the lunch break to less than 30 minutes, the minimum time required for an unpaid break.[8] The lead opinion affirms the circuit court, and ducks the question presented about the compensability of the doffing and donning during the lunch break by asserting, "neither Hormel nor the Union made any arguments specifically regarding the compensability of the unpaid meal periods."[9]
¶ 120. The lead opinion minimizes what occurred at oral argument before us. For example, the following questions were asked and answered:
CHIEF JUSTICE ROGGENSACK: Part of your brief was people wanting to leave the workplace for 30 minutes, and in order to do so they have to take off the clothes that they're required to put on when they go out to lunch and put them back on again when they come in from lunch, correct?
UNION COUNSEL: Yes.
CHIEF JUSTICE ROGGENSACK: Are you asking for compensation for that in addition to the beginning of the workday and the end of the workday for anybody who leaves the place of employment?
UNION COUNSEL: Well the trial court looked at that and the regulations again are clear. That if there is not a 30 minute uninterrupted break, it has to be paid for. So the issue is, since people are required to don before they leave the plant and doff before they, when they come back, they are actually getting less than a 30-minute lunch.
*172 CHIEF JUSTICE ROGGENSACK: Okay so the answer to my question is "yes?"
UNION COUNSEL: They should be paid for the lunchtime. And the court found that approximately 1% of the workers do that. So we're not asking for pay for the other 99%.
JUSTICE A.W. BRADLEY: I'm focusing on the lunch hour, the 30 minutes. Our opinions have to make sense .... This doesn't make sense to me. If we would agree with the trial court that the donning and doffing for some employees who do this over the 30-minute lunch hour should be compensable, what, doesn't that provide an incentive for. . . more, maybe all of the employees to say "oh let's get time and a half, let's put on and take off over the 30-minute lunch hour?" That doesn't make sense to me. It sounds like it will be giving a rather perverse incentive. Now, so tell me why it does make sense. Tell me why, since it only affects a few, according to the record, a few employees, that shouldn't be considered de minimis. So you've got two questions there.
UNION COUNSEL: Well, again, it's only if, just factually, if you're leaving the plant that you're entitled to that pay. [Justice A.W. Bradley interjects]. I think the exact same test is being applied. So, if you find that donning and doffing the clothes is compensable in the morning and in the afternoon where employers are required because it is integral and indispensable, the exact same argument makes exact same sense because of the regulation that requires a bona fide meal period of 30 minutes. So Hormel would be required to allow employees to take a full 30-min-ute lunch, which includes being able to don first, then leave the plant, then come back 30 minutes later, and then- — or doff first — and then don on the way back in.
*173 JUSTICE AW. BRADLEY: So you're not really responding to my concern about the potential for gaming the law?
UNION COUNSEL: I don't see how it's gaming because the legislature has said that the Department of Workforce Development has to pass these regulations, and they have. They've said that everyone is entitled to a 30-minute bona fide meal period.
JUSTICE ABRAHAMSON: Does the 5.7 minutes include the initial putting them on and the final taking them off and the lunch hour donning and doffing?
UNION COUNSEL: No.
JUSTICE ABRAHAMSON: So it only deals with putting them on to begin with and taking them off, right?
UNION COUNSEL: Right.
JUSTICE ABRAHAMSON: But the trial court order says . .. that the class members have been denied the right to 30 minutes off duty to leave the premises and the doffing and donning clothes and gear during such 30 minutes violates the class members. So the declaratory judgment is that's a violation.
UNION COUNSEL: Right. . . yes.
f 121. I conclude the reasoning that supports the conclusion that donning and doffing at the beginning and end of the workday are "an integral part of a principal activity" of Hormel and therefore require compensation does not support compensation for doffing and donning when employees choose to leave Hormel's facility during their lunch break, nor does it support 30 minutes more pay because time required to doff and don reduces the lunch break below 30 minutes.
*174 ¶ 122. First, no interest or activity of Hormel is served by employees leaving its facility during lunch break. Stated otherwise, leaving Hormel's facility at lunch does not aid in sanitary food production, which is a principal activity of Hormel. Second, the choice to leave Hormel's facility at lunch is totally each individual employee's choice, not Hormel's.
¶ 123. Wisconsin Admin. Code § DWD 272.12(2)(e)l. is directed at "a principal activity" of the employer, Hormel. It is § DWD 272.12(2)(e)l. that drives the obligation to compensate employees for the initial donning and final doffing of whites and gear. Section DWD 272.12(2)(e)l. is not directed at principal activities of employees. However, leaving the workplace during lunch break is driven by principal activities of employees, i.e., employees choose to leave to further their own interests. Furthermore, approximately 1% of employees choose to leave during lunch break. With 99% of employees not undertaking an activity, that activity cannot reasonably be contended to constitute a "principal activity" of the employer. Instead, the 1% of employees is furthering their own principal activity, i.e., their choice to leave for lunch. Section DWD 272.12(2)(e)l. does not require compensation for principal activities of employees.
¶ 124. And finally, while employees are free to leave the workplace during lunch break, it is their personal and voluntary choice that causes them to leave Hormel's facility. Their leaving serves no interest of Hormel. Accordingly, I conclude that Hormel is not required to compensate employees who leave the workplace for their entire lunch break, as the Union requests, or for a portion thereof, as the circuit court ordered. Therefore, I would reverse the order of the *175 circuit court in regard to payment for lunchtime doffing and donning, which order the lead opinion does not overturn.[10]
C. De Minimis Rule
f 125. Hormel contends that all donning and doffing should fall outside of its obligation to provide compensation because of the de minimis rule. The lead opinion concludes that donning and doffing at the beginning and end of the workday are not de minimis, assuming that the de minimis rule may be applied to the Union's claims.[11] The lead opinion does not discuss whether the de minimis rule may be applied to doffing and donning by those employees who choose to leave during their lunch break.
¶ 126. The United States Supreme Court discussed application of the de minimis rule in regard to a federal wage and hour claim in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946). There, the Court said that work "pursued necessarily and primarily for the benefit of the employer and his business" and rightly included in "the statutory workweek" may nevertheless go without payment if it is de minimis. Id. at 691-92 (citation omitted).
¶ 127. To determine whether the de minimis rule applies in a particular context, one must consider whether the factual predicates for the rule's application are met. In Lindow, the Ninth Circuit Court of *176 Appeals carefully explained a test that it applied when considering whether compensation is excused that otherwise would be due because the work is de mini-mis. There, employees of the Army Corps of Engineers (Corps) sought overtime compensation for the Corps' requirement that they report to work 15 minutes before the start of their scheduled shifts to perform certain tasks that took part of the required 15 minutes. Lindow, 738 F.2d at 1059.
f 128. Lindow explained that the "de minimis rule is concerned with the practical administrative difficulty of recording small amounts of time for payroll purposes." Id. at 1062. The court reasoned that keeping accurate track of varying, small amounts of time for many employees could be an overwhelming task for employers. Id. at 1063 (citing Veech & Moon, De Minimis Non Curat Lex, 45 Mich. L. Rev. 537, 551 (1947) and its conclusion that Anderson was concerned with "just plain everyday practicality").
¶ 129. Lindow also explained that an "important factor in determining whether a claim is de minimis is the amount of daily time spent on the additional work[,] . . . [although n]o rigid rule can be applied with mathematical certainty." Id. at 1062 (citing Frank v. Wilson & Co., 172 F.2d 712, 716 (7th Cir. 1949) and Nardone v. Gen. Motors, Inc., 207 F. Supp. 336, 341 (D.N.J. 1962)). Further, the court considered the "size of the aggregate claim" for those claims where time expended may have been minimal on a daily basis. Id. at 1063. And finally, Lindow noted that "in applying the de minimis rule, we will consider whether the claimants performed the work on a regular basis." Id. (citing Smith v. Cleveland Pneumatic Tool, Co., 173 F.2d 775, 776 (6th Cir. 1949), as applying de minimis rule where unpaid work did not occur on a daily basis).
*177 ¶ 130. I adopt and apply the Lindow test, summarizing it as follows: (1) the time at issue must be otherwise compensable by the employer and (2) consideration must be given to (a) the practical, administrative difficulty of accurately recording small amounts of additional time that may vary from employee to employee, (b) the regularity on which additional work is performed, (c) the time spent each day on additional work, and (d) the size of the aggregate claim for additional compensation. Id. at 1062-63.
¶ 131. In the case now before us, unless the de minimis rule applies, the cabined 5.7 minutes per day for donning whites and required gear at the beginning of the workday and doffing at the end of the workday is compensable because it is integral to a principal activity of Hormel. Weissman, 350 Wis. 2d 380, ¶ 2. However, because doffing and donning by those employees who choose to leave during lunch break is not com-pensable, the de minimis rule has no application there. Anderson, 328 U.S. at 691-92; Lindow, 738 F.2d at 1063.
¶ 132. As I apply the Lindow test to determine whether the de minimis rule eliminates Hormel's obligation for compensation of the stipulated total time of 5.7 minutes per day for donning at the beginning of the workday and doffing at the end of the workday, I note that if Hormel were required to record for payroll purposes the varying amounts of time that each individual employee expends to don and doff at the beginning and end of each workday, it would appear to be almost an administrative impossibility to do so accurately. Furthermore, imposing such an obligation on Hormel could lead to an unending series of wage and hour claims by employees who contend that Hormel did not record the correct amount of time on particular *178 days for particular employees. Stated otherwise, if the total time per day that is due for donning and doffing were not cabined at a stipulated amount, all donning and doffing would be precluded by the de minimis rule.
f 133. Other courts have used the de minimis rule to eliminate otherwise compensable time that was too burdensome to record accurately. See Mitchell v. JCG Indus., Inc., 745 F.3d 837, 843 (7th Cir. 2014) (precluding an obligation to record small, varying amounts of time for payroll purposes in part because it would turn judges into "time-study professionals" when complaints about accuracy of recording were made).
¶ 134. However, as the claim is presented to us, the Union and Hormel have cabined the total time taken to don and doff at the beginning and end of a workday at 5.7 minutes per employee. In addition, the Union has not requested that we impose an obligation on Hormel to record for payroll purposes the actual time spent by each employee on each day.
¶ 135. The Union's approach of seeking recovery for an agreed amount of compensable time on a daily basis is consistent with the approach the Union took when donning and doffing were accorded in collective bargaining.[12] It also frees Hormel from what would be a near administrative impossibility to do accurately.
¶ 136. I note that the tasks for which compensation is required occur on a daily basis for each employee engaged in food preparation. In addition, although 5.7 minutes per day is a small amount of time, because it is expended every day, the aggregate amount of each employee's claim per year is $500, *179 which is significant. It is also significant to Hormel as an aggregate amount for all food preparation employees.
¶ 137. Accordingly, I conclude that in the context presented by the case at hand, the de minimis rule does not apply to preclude compensation for 5.7 minutes per day for each food preparation employee who dons whites and required gear at the start of the workday and doffs them at the day's conclusion.
D. Cabining Time Allotted
¶ 138. If the lead opinion were construed as leaving the amount of donning and doffing time open to adjustment for future work days, I could not concur with the lead opinion in any respect. This is so because without cabining the time at a specified number of minutes per employee per day for which compensation is due, the entire claim would be precluded by the near impossibility of Hormel's accurately recording small, varying amounts of time for payroll purposes for each employee. However, with compensable time cabined at a stipulated amount, Hormel knows what compensation is due for past work. Hormel also can choose to compensate through shortening future workdays by 5.7 minutes so that it is not put in the position of exceeding a 40-hour work week in the future. Accordingly, cabining the time allotted for which compensation is due is necessary to my decision to agree with the lead opinion in part.
III. CONCLUSION
f 139. While I do not join the lead opinion, I agree with its conclusion that donning and doffing of company-required clothing and gear at the beginning *180 and end of the workday is "an integral part of a principal activity" of Hormel for which compensation is required. I also agree that under the facts of this case Hormel is not relieved of its obligation to compensate for 5.7 minutes per day for those tasks by the de minimis rule.
¶ 140. I dissent from the lead opinion because I conclude that Hormel is not required to further compensate its employees due to doffing and donning by employees who choose to leave the workplace for lunch. Leaving during the lunch break serves no interest of Hormel, is not" an integral part of a principal activity" of the employer within the meaning of Wis. Admin. Code § DWD 272.12(2)(e)l and serves only employees' interests. I also dissent because I would cabin the time for which compensation is due each employee at 5.7 minutes per workday. That is the total time presented to us as a stipulation by the parties for an employee to accomplish donning and doffing at the beginning and end of a workday. If the time allocated for donning and doffing were not cabined at a specified number of minutes per employee per workday, the de minimis rule would preclude compensation because keeping accurate records of the varying time that each employee spends donning and doffing on each workday would be a nearly impossible administrative task for Hormel. Cabining the time at a specified number of minutes per employee per workday for which compensation is due was the mode employed in prior contracts between Hormel and the Union for those tasks. Accordingly, I respectfully concur in part and dissent in part from the lead opinion.
¶ 141. I am authorized to state that Justice DAVID T. PROSSER, JR. joins this opinion.

 The lead opinion represents the decision of two justices: Justice Shirley S. Abrahamson and Justice Ann Walsh Bradley.

 Lead op., ¶ 7.

 Id. at ¶ 8.

 For convenience, I refer to the clothing provided by Hormel as "whites," even though some employees are required to wear clothing that is blue in color.

 The record reflects that in the 1980s employees were compensated 12 minutes per day for donning and doffing under the then union contract.

 Hormel does not argue that no compensation is due because such compensation was bargained away in a collective bargaining agreement, which is permitted under state and federal law. See Aguilar v. Husco Int'l, Inc., 2015 WI 36, ¶ 24, 361 Wis. 2d 597, 863 N.W.2d 556; Wis. Admin. Code § DWD 274.05; see also Sandifer v. United States Steel Corp., 134 S. Ct. 870, 878-79 (2014).

 See lead op., ¶ 7.

 See Wis. Admin. Code § DWD 274.02(3) (2013).

 Lead op., ¶ 88.

 Because four justices, Chief Justice Roggensack, Justice Prosser, Justice Ziegler and Justice Gableman, conclude that no compensation is due for doffing and donning during lunch break, the order of the circuit court is reversed in regard to the $15,000 payment that the circuit court ordered.

 Id., ¶¶ 8, 98.

 See note 5, supra.