# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP1681 |

| | |
|---|---|
| COMPLETE TITLE: | Steven J. Piper, Robert Bue, Scott R. Olson and Leslie T. Smith, |
| |        Plaintiffs, |
| | Jonathon Kracht, Gary Benes and Charles Manley, |
| |        Plaintiffs-Respondents, |
| |    v. |
| | Jones Dairy Farm, |
| |        Defendant-Appellant. |

ON BYPASS FROM THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | March 19, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 28, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Jefferson |
|   JUDGE: | William F. Hue |

JUSTICES:

DALLET, J., delivered the majority opinion of the Court, in which ANN WALSH BRADLEY, KELLY, and HAGEDORN, JJ., joined. ZIEGLER, J., filed a dissenting opinion, in which ROGGENSACK, C.J., joined. REBECCA GRASSL BRADLEY, J., filed a dissenting opinion.

NOT PARTICIPATING:

ATTORNEYS:

For the defendant-appellant, there were briefs (in the court of appeals) filed by *Bernard J. Bobber, Keith E. Kopplin, Christina L. Wabiszewski* and *Ogletree, Deakins, Nash, Smoak & Stewart, P.C.,* Milwaukee. There was an oral argument by *Bernard J. Bobber.*

For the plaintiffs-respondents, there was a brief (in the court of appeals) filed by *Micheal J. Modl* and *Axley Brynelson, LLP,* Madison and *Douglas J. Phebus, Victor Arellano,* and *Arellano*

*& Phebus, S.C.*, Middleton. There was an oral argument by *Michael J. Modl*.

2020 WI 28

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2018AP1681
(L.C. No. 2010CV1210)

STATE OF WISCONSIN : IN SUPREME COURT

Steven J. Piper, Robert Bue, Scott R. Olson and Leslie T. Smith,

Plaintiffs,

Jonathon Kracht, Gary Benes and Charles Manley,

Plaintiffs-Respondents,

v.

Jones Dairy Farm,

Defendant-Appellant.

**FILED**

**MAR 19, 2020**

Sheila T. Reiff
Clerk of Supreme Court

---

DALLET, J., delivered the majority opinion of the Court, in which ANN WALSH BRADLEY, KELLY, and HAGEDORN, JJ., joined. ZIEGLER, J., filed a dissenting opinion, in which ROGGENSACK, C.J., joined. REBECCA GRASSL BRADLEY, J., filed a dissenting opinion.

---

APPEAL from an order of the Circuit Court for Jefferson County, William F. Hue, Judge. *Affirmed in part, reversed in part, and cause remanded.*

¶1 REBECCA FRANK DALLET, J. Current and former employees of Jones Dairy Farm (the employees) filed suit in December 2010 seeking unpaid wages for time spent at the start and end of their

shifts "donning and doffing" personal protective equipment and walking to and from their workstations. Jones Dairy Farm (JDF) denied liability, alleging the employees bargained over their right to compensation for this time during collective bargaining negotiations. Alternatively, JDF asserted that the doctrine of de minimis non curat lex rendered this time non-compensable and that equitable defenses precluded the employees' recovery of damages. The circuit court denied JDF's motion for summary judgment, concluding that: (1) the donning and doffing time was compensable; (2) the employees could not modify or eliminate compensation for donning and doffing through collective bargaining; (3) the time was not rendered non-compensable by the de minimis doctrine; and (4) JDF's four equitable defenses did not preclude the employees' recovery of damages.[1]

¶2 On bypass from the court of appeals,[2] JDF presents one principal issue: under Wisconsin law can compensation for donning and doffing personal protective equipment be modified or eliminated through collective bargaining? In the alternative, JDF contends that the de minimis doctrine renders the donning and doffing time non-compensable and that the equitable defenses of promissory estoppel, waiver, laches, and unjust enrichment preclude the employees' recovery of damages.

---

[1] Judge William F. Hue of Jefferson County Circuit Court presided.

[2] Jones Dairy Farm filed a petition to bypass pursuant to Wis. Stat. (Rule) § 809.60 (2017-18). All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

2

¶3    We conclude that under Wisconsin law, compensation for donning and doffing cannot be modified or eliminated through collective bargaining. We assume without deciding that the de minimis doctrine applies to claims arising under Wis. Admin. Code § DWD 272.12 (May 2019),[3] and determine that the time the employees spent donning and doffing was not de minimis. Lastly, we conclude that the circuit court erroneously exercised its discretion when it summarily dismissed JDF's equitable defenses on the basis of Wis. Stat. § 109.03(5) and we remand for full consideration of those defenses. We therefore affirm in part, reverse in part, and remand the case to the circuit court.

## I.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶4    JDF operates a food production plant in Fort Atkinson, Wisconsin. JDF requires its employees to wear personal protective equipment, including safety footwear, frocks, hairnets, aprons, ear plugs, and plastic bump caps. The employees are required to put on (don) and take off (doff) company-required equipment at the beginning and end of their shifts.

¶5    The employees' wages have historically been set by a collective bargaining agreement between the United Food and Commercial Workers International Union, Local 538 (the Union) and JDF. The 1979 collective bargaining agreement between the parties expressly compensated the employees for donning and doffing their personal protective equipment. As part of the collective bargaining negotiations, in 1982, the parties stipulated that the

---

[3] All subsequent references to the Wis. Admin. Code ch. DWD 272 are to the May 2019 register date unless otherwise indicated.

3

"daily credit" of compensated donning and doffing time would be reduced from 12 minutes to six minutes. In 1985, JDF and the Union agreed to eliminate the provision that compensated the employees for donning and doffing. In 1994, the Union proposed that JDF once again compensate the employees for 12 minutes of donning and doffing time. At some point during the negotiations, the Union withdrew the proposal. Collective bargaining resulted in an increase in the employees' base wages of $.60/hour.

¶6 When the parties reconvened for negotiations in 1997, the Union once again proposed 12 minutes of compensated time for donning and doffing. The Union later withdrew the proposal and collective bargaining resulted in an increase in the employees' base wages of $.90/hour. Again, when the collective bargaining agreement expired in 2000, the Union made a proposal for compensated donning and doffing time, which it later withdrew. This time, collective bargaining resulted in the employees receiving a base wage increase of $1.50/hour. The same pattern occurred in 2004 and 2009: the Union's proposal was withdrawn, and base wages were ultimately increased by $1.25/hour.[4]

¶7 JDF asserts that this extensive bargaining history demonstrates that the Union withdrew its proposals for compensation for donning and doffing in exchange for an increase in base wages. However, it admitted at oral argument that the

---

[4] In 2006, the Union sent JDF a letter declaring that failure to compensate the employees for donning and doffing and walking to workstations violated the law and "must be remedied immediately." The Union did not follow up or file a related grievance or wage claim with the Department of Workforce Development (DWD).

4

record established "no direct tie" between the Union's withdrawal of the proposal and the employees receiving an increase in base wages.

¶8   In 2010, the employees filed this suit seeking unpaid wages for time spent donning and doffing personal protective equipment and walking to and from their workstations.[5]   In response, JDF pleaded numerous affirmative defenses, including promissory estoppel, waiver, laches, and unjust enrichment.   The parties stipulated that the total time employees spent donning and doffing was 4.3 minutes per day.[6]   The stipulation also included the amount of time the employees spent walking to and from their workstations, up to 4.33 minutes per day.   The agreed-upon relevant time period at issue for the employees' claims was December 10, 2008, to November 25, 2013.[7]

¶9   JDF moved for summary judgment alleging that the Union repeatedly proposed wages for donning and doffing during collective bargaining negotiations and withdrew its proposals in

---

[5] The employees filed a class action made up of approximately 227 current and former employees.  The employees and JDF stipulated to the certification of four subclasses based upon the type of work that the employees performed.

[6] The only exception was for the employees who worked in the shipping department, where the vast majority of donning and doffing activities were not required.

[7] In August 2013 the court of appeals concluded that donning and doffing was compensable time under the "plain terms of the DWD code."  Weissman v. Tyson Prepared Foods, Inc., 2013 WI App 109, ¶2, 350 Wis. 2d 380, 838 N.W.2d 502.  Several months later, on November 25, 2013, JDF began compensating its employees for donning and doffing.

exchange for higher base wages.  In the alternative, JDF asserted that the time was rendered non-compensable by the de minimis doctrine and that recovery of damages was precluded by the equitable defenses of promissory estoppel, waiver, laches, and unjust enrichment.

¶10  The circuit court determined that pursuant to United Food & Commercial Workers Union, Local 1473 v. Hormel Foods Corp., 2016 WI 13, 367 Wis. 2d 131, 876 N.W.2d 99, the time employees spent donning and doffing was compensable.  The circuit court further concluded that "there is no exception under Wisconsin law permitting collective bargaining to modify or eliminate" compensation for donning and doffing.  Finally, the circuit court decided that the donning and doffing time here was not de minimis and that JDF's four equitable defenses did not preclude the employees' recovery of damages.

¶11  JDF petitioned this court for bypass of the court of appeals, which we granted.

## II.  STANDARD OF REVIEW

¶12  We review a decision on summary judgment using the same methodology as the circuit court.  Green Spring Farms v. Kersten, 136 Wis. 2d 304, 314-15, 401 N.W.2d 816 (1987).  Summary judgment shall be granted where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2).

6

¶13 This case involves interpretation and application of Wis. Admin. Code § DWD 274.05 (April 2018).[8] We interpret an administrative regulation using the rules of statutory interpretation. Hormel Foods Corp., 367 Wis. 2d 131, ¶30. While we benefit from the analysis of the circuit court, the interpretation of an administrative regulation is a question of law which this court reviews de novo. State v. Brown, 2006 WI 131, ¶18, 298 Wis. 2d 37, 725 N.W.2d 262.

¶14 We also examine the circuit court's discretionary determination as to the applicability of JDF's four equitable defenses, which we review under an erroneous exercise of discretion standard. See Johnson v. Cintas Corp. No. 2, 2012 WI 31, ¶22, 339 Wis. 2d 493, 811 N.W.2d 756. A circuit court erroneously exercises its discretion when it applies an improper legal standard or makes a decision not reasonably supported by the facts of record. Id.; State v. McConnohie, 113 Wis. 2d 362, 371, 334 N.W.2d 903 (1983).

## III. ANALYSIS

¶15 We initially consider whether, under Wisconsin law, compensation for donning and doffing can be modified or eliminated through collective bargaining. We next address JDF's contention that the time spent donning and doffing was rendered non-compensable by the de minimis doctrine. Finally, we resolve

---

[8] All subsequent references to the Wis. Admin. Code ch. DWD 274 are to the April 2018 register date unless otherwise indicated.

7

whether the circuit court erred in concluding that Wis. Stat. § 109.03(5) barred JDF's four equitable defenses.

### A. An employee's right to compensation for donning and doffing personal protective equipment cannot be modified or eliminated through collective bargaining.

¶16 The main issue presented on appeal is: under Wisconsin law, can compensation for donning and doffing personal protective equipment be modified or eliminated through collective bargaining? Because time spent donning and doffing comprises "hours worked" under Wis. Admin. Code. § DWD 272.12, and the law does not exempt donning and doffing from the statutory requirement that employees be paid for all hours worked, the answer is no. Contrary to JDF's argument, neither Aguilar v. Husco International, Inc., 2015 WI 36, 361 Wis. 2d 597, 863 N.W.2d 556, nor Hormel Foods Corp., 367 Wis. 2d 131, indicate otherwise.

¶17 DWD is charged with "adopt[ing] reasonable and proper rules and regulations" related to wage and labor laws in Wisconsin. See Wis. Stat. § 103.005(1). DWD regulations determining an employee's hours worked for purposes of compensation are found in Wis. Admin. Code § DWD 272.12. This section requires employees to be paid for all time spent in "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business."[9] Compensable time is defined as "the time on any

---

[9] "Administrative rules enacted pursuant to statutory rulemaking authority have the force and effect of law in Wisconsin." Staples v. DHSS, 115 Wis. 2d 363, 367, 340 N.W.2d 194 (1983).

8

particular workday at which such employee commences their principal activity or activities." § DWD 272.12(1)(a)2. The term "principal activity" "includes all activities which are an integral part of a principal activity."[10] § DWD 272.12(2)(e)1.

¶18 We first address whether the employees' time spent donning and doffing personal protective equipment at the beginning and end of the workday is an integral part of a "principal activity" pursuant to Wis. Admin. Code § DWD 272.12(2)(e) and is therefore compensable. In Tyson Foods, the court of appeals concluded that donning and doffing personal protective equipment within the prepared food industry was an "integral part of a principal activity," and therefore compensable. Weissman v. Tyson Prepared Foods, Inc., 2013 WI App 109, ¶2, 350 Wis. 2d 380, 838 N.W.2d 502 ("Tyson Foods"). In Hormel Foods Corp., a majority of this court adopted the reasoning of Tyson Foods, and concluded that donning and doffing protective clothing and equipment at the beginning and end of the day[11] was compensable because it was an

---

[10] The regulation provides three examples of what "is meant by an integral part of a principal activity." Wis. Admin. Code § DWD 272.12(2)(e)1. The third example is a chemical plant worker who dons and doffs clothing and equipment at the beginning and end of his shift. See § DWD 272.12(2)(e)1.c.

[11] The parties in Hormel Foods Corp. also stipulated to the employees' time spent walking to and from the workstations. The lead opinion reasoned that "the time spent walking to or from workstations or washing hands occurs after the employees' 'workday' begins and is thus compensable." United Food & Commercial Workers Union, Local 1473 v. Hormel Foods Corp., 2016 WI 13, ¶21 n.6, 367 Wis. 2d 131, 876 N.W.2d 99 (Abrahamson, J., joined by Ann Walsh Bradley, J.).

integral part of the principal activity of food production.[12] See Hormel Foods Corp., 367 Wis. 2d 131, ¶78 (Abrahamson, J., joined by Ann Walsh Bradley, J.) ("[W]e conclude that donning and doffing the clothing and equipment at the beginning and end of the day in the instant case is 'integral and indispensable' to the employees' principal activities of producing food products."); id., ¶108 (Roggensack, C.J., concurring in part, dissenting in part, joined by Prosser, J.) ("While I do not join the lead opinion, I agree with its conclusion that donning and doffing of company-required clothing and gear at the beginning and end of the workday is 'an integral part of a principal activity' . . . for which compensation is required." (internal footnotes omitted)).

¶19 In this case, the personal protective equipment that the employees are required to don and doff is similar to that in Hormel Foods Corp. and Tyson Foods, and the activities of the employees likewise occur within the food production industry. We clarify that the employees' time spent donning and doffing personal protective equipment at the beginning and end of the workday in this case is an "integral part of a principal activity," and is therefore compensable under Wis. Admin. Code § DWD 272.12(2)(e).[13]

---

[12] The main dispute between the lead opinion and Chief Justice Roggensack's concurrence/dissent in Hormel Foods Corp. was whether the donning and doffing was compensable when it occurred over the lunch hour. See, e.g., Hormel Foods Corp., 367 Wis. 2d 131, ¶109.

[13] JDF conceded at oral argument that the time employees spent donning and doffing was compensable pursuant to Tyson Foods, 350 Wis. 2d 380, and Hormel Foods Corp., 367 Wis. 2d 131.

¶20 We next resolve whether compensation for donning and doffing can nonetheless be modified or eliminated through collective bargaining. The Wisconsin Statutes provide that an employer may not contractually avoid its obligation to pay an employee for all compensable time. See Wis. Stat. §§ 109.03(1), 109.03(5); Kieninger v. Crown Equip. Corp., 2019 WI 27, ¶15 & n.7, 386 Wis. 2d 1, 924 N.W.2d 172. There is no Wisconsin statute or DWD regulation that expressly allows an employer to modify or eliminate compensation for donning and doffing personal protective equipment. This is in contrast to the federal Fair Labor Standards Act (FLSA), which specifically permits collective bargaining over compensation for donning and doffing, 29 U.S.C. § 203(o) (2012).[14] Although Wisconsin's wage law is modeled after the FLSA, there is no Wisconsin statute or regulation that is equivalent to § 203(o). See Hormel Foods Corp., 367 Wis. 2d 131, ¶76 ("No counterpart to 29 U.S.C. § 203(o) exists in Wisconsin law.").

---

[14] Congress amended the Fair Labor Standards Act in 1947 to add what is now 29 U.S.C. § 203(o). That provision provides:

> In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

See Sandifer v. U.S. Steel Corp., 571 U.S. 220, 226 (2014) (noting that § 203(o) "provides that the compensability of time spent changing clothes . . . is a subject appropriately committed to collective bargaining").

¶21 JDF maintains that even though there is no express exception in Wisconsin law permitting collective bargaining over compensation for donning and doffing, a combination of two footnotes in separate writings in Hormel Foods Corp., 367 Wis. 2d 131, indicates that a majority of the court has stated otherwise.  JDF cites to one footnote from the concurrence/dissent of Chief Justice Roggensack which states:

> Hormel does not argue that no compensation is due because such compensation was bargained away in a collective bargaining agreement, which is permitted under state and federal law.  See Aguilar v. Husco Int'l, Inc., 2015 WI 36, ¶24, 361 Wis. 2d 597, 863 N.W.2d 556; Wis. Admin. Code § DWD 274.05; see also Sandifer v. [U.S.] Steel Corp., [571] U.S. [220], 134 S. Ct. 870, 878-79, 187 L.E.2d 729 (2014).

See Hormel Foods Corp., 367 Wis. 2d 131, ¶113 n.6 (Roggensack, C.J., concurring in part, dissenting in part, joined by Prosser, J.).  JDF also cites to a footnote in Justice Gableman's dissent which states:

> The Wisconsin Administrative Code allows employees to bargain away rights they would otherwise have under the Code as long as the parties enter into a [collective bargaining agreement] and apply for a waiver or otherwise meet the factors required for a waiver.  See Wis. Admin. Code § DWD 247.05; Aguilar v. Husco Int'l, Inc., 2015 WI 36, ¶11, 361 Wis. 2d 597, 863 N.W.2d 556. . . .
>
> But, as the concurring/dissenting opinion points out, "Hormel does not argue that no compensation is due because such compensation was bargained away in a collective bargaining agreement, which is permitted under state and federal law." Concurrence/Dissent, ¶113 n.6.

Hormel Foods Corp., 367 Wis. 2d 131, ¶145 n.3 (Gableman, J., dissenting, joined by Ziegler, J.).

12

¶22 For a number of reasons, these two footnotes do not provide support for JDF's claim that compensation for donning and doffing can be modified or eliminated through collective bargaining. First and foremost, whether compensation for donning and doffing can be modified or eliminated through collective bargaining was not at issue in Hormel Foods Corp., 367 Wis. 2d 131. Instead, the court addressed two issues: (1) whether donning and doffing of company-required clothing and equipment was compensable time under Wis. Admin. Code § DWD 272.12(2)(e); and (2) even if that time was otherwise compensable, whether it was rendered non-compensable under the de minimis doctrine. Hormel Foods Corp., 367 Wis. 2d 131, ¶4. The issue of whether the parties bargained over compensation for donning and doffing was not raised by the parties.[15] Four Justices' views on an un-briefed issue, contained in separate writings that include those dissenting from the judgment, cannot signify a majority of this court. See State v. Griep, 2015 WI 40, ¶37 n.16, 361 Wis. 2d 657, 863 N.W.2d 567 ("Under Marks, the positions of the justices who dissented from the judgment are not counted in examining the divided opinions for holdings.") (citing Marks v. United States, 430 U.S. 188, 193 (1977)); see also State v. Coffee, 2020 WI 1, ¶70 n.1, 389 Wis. 2d 627, 937 N.W.2d 579 (Ann Walsh Bradley, J., dissenting) ("Although the vitality of Griep has been called into question, currently it remains in force.").

---

[15] JDF critiques the lead opinion in Hormel Foods Corp., 367 Wis. 2d 131, for not addressing the issue, while simultaneously acknowledging that the issue was not raised by the parties.

¶23 Additionally, these two footnotes rely upon Aguilar, 361 Wis. 2d 597, federal law, and Wis. Admin. Code § DWD 274.05 as support. As we will illustrate, § DWD 274.05 and federal law do not apply to this case,[16] and Aguilar is distinguishable.

¶24 Wisconsin Admin. Code § DWD 274.05 is the sole basis for obtaining a waiver or modification of Wisconsin wage law requirements pursuant to a collective bargaining agreement. It provides:

> Except as provided in [§] DWD 274.08, where a collectively bargained agreement exists, the department may consider the written application of labor and management for <u>a waiver or modification to the requirements of this chapter</u> based upon practical difficulties or unnecessary hardship in complying therewith. If the department determines that in the circumstances existing compliance with this chapter is unjust or unreasonable and that granting such waiver or modification will not be dangerous or prejudicial to the life, health, safety or welfare of the employees, the department may grant such waiver or modification as may be appropriate to the case.

(Emphasis added.)

¶25 We rely on the same rules of construction to interpret Wis. Admin. Code § DWD 274.05 that we apply to interpret a statute. See Hormel Foods Corp., 367 Wis. 2d 131, ¶30 ("When interpreting administrative regulations the court uses the same rules of interpretation as it applies to statutes."); Orion Flight Servs., Inc. v. Basler Flight Serv., 2006 WI 51, ¶18, 290 Wis. 2d 421, 714 N.W.2d 130 ("Interpretations of code provisions, and the

---

[16] JDF concedes that it does not prevail if Wis. Admin. Code § DWD 274.05 does not apply to this case.

14

determination as to whether the provision in question is consistent with the applicable statute, are subject to principles of statutory construction."). We first look to the plain language of § DWD 274.05 to determine its meaning. Hormel Foods Corp., 367 Wis. 2d 131, ¶31. We further consider the context of the regulation and the case law interpreting it. Id.

¶26 By its express terms, Wis. Admin. Code § DWD 274.05 is limited to "a waiver or modification to the requirements of this chapter . . . ," that is, ch. DWD 274 (emphasis added). The requirement that an employee be compensated for donning and doffing is governed by Wis. Admin. Code § DWD 272.12(2)(e), which is found in a different chapter, ch. DWD 272. The plain language of § DWD 274.05 therefore does not support JDF's argument that the employees waived their right to compensation for donning and doffing, as mandated by § DWD 272.12(2)(e).

¶27 JDF's argument also fails when Wis. Admin. Code § DWD 274.05 is considered in the context of surrounding regulations. "As with statutory interpretation, we interpret the language of a regulation in the context in which it is used, 'not in isolation but as part of a whole; in relation to the language of surrounding or closely-related [regulations]; and reasonably, [so as] to avoid absurd or unreasonable results.'" Williams v. Integrated Cmty. Servs., Inc., 2007 WI App 159, ¶12, 303 Wis. 2d 697, 736 N.W.2d 226 (quoting State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110).

¶28 Wisconsin Admin. Code § DWD 274.045, a surrounding regulation to § DWD 274.05, explicitly incorporates Wis. Admin.

15

Code § DWD 272.12.  Section DWD 274.045, entitled "Interpretation of hours worked," states that:  "[t]he provisions of s. DWD 272.12 apply to the interpretation of hours worked under this chapter." The text makes clear that provisions of § DWD 272.12 apply when calculating "hours worked" under ch. DWD 274.  Conversely, Section DWD 274.05, entitled "Waiver or modification," does not explicitly incorporate provisions from § DWD 272.12 with language similar to § DWD 274.045, such as:  "[t]he provisions of s. DWD 272.12 apply to a waiver or modification under this chapter."  DWD knew how to incorporate provisions from another chapter into regulations in ch. DWD 274, yet it did not do so in § DWD 274.05.  See Lake City Corp. v. City of Mequon, 207 Wis. 2d 155, 171, 558 N.W.2d 100 (1997) ("It is clear that the legislature knew how to accomplish this goal [of qualifying the language of the statute], since it included similar qualifying language in this very same statute."). We therefore decline JDF's request to disregard the express textual limitation of "this chapter" included in § DWD 274.05.[17]

¶29  We further observe that 29 U.S.C. § 203(o), the "federal law" referred to in the Hormel Foods Corp. footnotes, is not

---

[17] There are no cases where Wis. Admin. Code § DWD 274.05 has been applied outside of ch. DWD 274.

Even if § DWD 274.05 applied, it is undisputed that neither JDF nor the Union requested a waiver from DWD of JDF's obligations to compensate the employees for donning and doffing.

Additionally, we observe that a waiver pursuant to § DWD 274.05 is allowed only when DWD has determined that granting a waiver or modification "will not be dangerous or prejudicial to the life, health, safety or welfare of the employees . . . ."

dispositive because "[n]o counterpart to 29 U.S.C. § 203(o) exists in Wisconsin law." Hormel Foods Corp., 367 Wis. 2d 131, ¶76. As discussed above, Wisconsin law, unlike § 203(o), does not expressly allow modification or elimination of compensation for donning and doffing through collective bargaining. The Seventh Circuit has rejected the contention that "§ 203(o) preempts [Wisconsin] law that lacks an equivalent exception." Spoerle v. Kraft Foods Glob., Inc., 614 F.3d 427, 428 (7th Cir. 2010).

¶30 Finally, the citation to Aguilar in the Hormel Foods Corp. footnotes does not support JDF's assertion that compensation for donning and doffing can be modified or eliminated through collective bargaining. In Aguilar, a union filed a complaint with DWD alleging that Husco owed back pay to its employees for 20-minute meal breaks, which had been uncompensated pursuant to a provision in the parties' collective bargaining agreement. Aguilar, 361 Wis. 2d 597, ¶1. The union argued that the collective bargaining agreement was in conflict with Wis. Admin. Code § DWD 274.02, which required employers to pay employees for meal breaks that were shorter than 30 minutes.[18] Id. DWD disagreed with the union because it determined that, although the 20-minute unpaid breaks technically violated § DWD 274.02, "the factors favoring a waiver [pursuant to Wis. Admin. Code § DWD 274.05] were present in this case (specifically, that the parties to the [collective

---

[18] The Aguilar court noted that although Wis. Admin. Code § DWD 274.05 allows employers and unions with a collective bargaining agreement to request a waiver, no such request was made. Aguilar v. Husco Int'l, Inc., 2015 WI 36, ¶2 & n.2, 361 Wis. 2d 597, 863 N.W.2d 556.

17

bargaining agreement] had agreed to the provision and that there was no evidence that the shorter meal breaks jeopardized the life, health, safety or welfare of employees)." Aguilar, 361 Wis. 2d 597, ¶3. This court upheld DWD's interpretation of § DWD 274.02 and its decision not to seek recovery of back pay since it was "reasonable and consistent with the purpose of the regulation." Aguilar, 361 Wis. 2d 597, ¶7.

¶31 Aguilar is distinguishable from this case in two important respects. First, Aguilar involved collective bargaining for meal breaks, which are regulated by Wis. Admin. Code § DWD 274.02. Unlike the section regulating donning and doffing, which is found in Wis. Admin. Code ch. DWD 272, the section regulating meal breaks is found within Wis. Admin. Code ch. DWD 274 and therefore fits explicitly within the language of Wis. Admin. Code § DWD 274.05 allowing for waiver of collective bargaining within "this chapter."

¶32 Second, although in Aguilar there was no formal request for a waiver under Wis. Admin. Code § DWD 274.05, see Aguilar, 361 Wis. 2d 597, ¶2, the unpaid meal breaks were expressly agreed upon and written into the collective bargaining agreement between the parties. Here, it is undisputed that there was nothing written into the collective bargaining agreement indicating that compensation for donning and doffing was bargained over. Discovery has been completed and, as JDF concedes, there is nothing in the record that directly ties the Union's withdrawal of the proposal for compensated donning and doffing time in exchange for an increase in employees' base wages. Aguilar falls far short of

18

supporting JDF's argument that if an employee brings an unpaid wage claim for donning and doffing under Wis. Admin. Code § DWD 272.12, it is subject to the waiver provision in § DWD 274.05.

¶33 Ultimately, the two footnotes that JDF relies upon from Hormel Foods Corp. do not provide support for JDF's claim that compensation for donning and doffing can be modified or eliminated through collective bargaining. We reject JDF's attempt to ignore the plain language of Wis. Admin. Code § DWD 274.05 and transform four Justices' views on an un-briefed issue, contained in separate writings that include those dissenting from the judgment, into a bargaining right under state law that is commensurate with 29 U.S.C. § 203(o).

¶34 We conclude that under Wisconsin law, compensation for donning and doffing cannot be modified or eliminated through collective bargaining. We therefore affirm the circuit court's denial of summary judgment on this issue.

### B. The time employees spent donning and doffing was not de minimis.

¶35 In the alternative, JDF asserts that the donning and doffing time was rendered non-compensable because of the doctrine of de minimis non curat lex, which means "the law does not govern trifles." "De minimis non curat lex," Merriam Webster Online Dictionary (2020), https://www.merriam-webster.com/dictionary/de%20minimis%20non%20curat%20lex. The de minimis doctrine "'permits employers to disregard . . . otherwise compensable work '[w]hen the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours.'"

19

Hormel Foods Corp., 367 Wis. 2d 131, ¶97 (quoted source omitted). The United States Supreme Court has reasoned that a few seconds or minutes may be dismissed as de minimis because such "[s]plit-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946), superseded by statute as noted in Integrity Staffing Sols., Inc. v. Busk, 574 U.S. 27 (2014).  "The de minimis rule is concerned with the practical administrative difficulty of recording small amounts of time for payroll purposes."  Lindow v. United States, 738 F.2d 1057, 1062 (9th Cir. 1984).  In determining whether otherwise compensable time is de minimis, courts have considered the practical difficulty of recording the additional time, the size of the aggregate claim, and whether the work was performed on a daily basis.  Id. at 1062-63 (citing national cases for this proposition).

¶36  In Hormel Foods Corp., Justice Abrahamson's opinion and Chief Justice Roggensack's partial concurrence both concluded that the de minimis doctrine did not bar compensation for stipulated time spent donning and doffing at the beginning and end of the work day because it was "not a 'trifle'" and amounted to over $500 a year per employee.  Hormel Foods Corp., 367 Wis. 2d 131, ¶105 (Abrahamson, J., joined by Ann Walsh Bradley, J.); id., ¶137, (Roggensack, C.J., concurring in part, dissenting in part, joined by Prosser, J.) ("I conclude that . . . the de minimis rule does not apply to preclude compensation for 5.7 minutes per day for each food preparation employee who dons whites and required gear

20

at the start of the workday and doffs them at the day's conclusion."). Justice Abrahamson's opinion acknowledged, however, that "[a]lthough the de minimis non curat lex doctrine is an established feature of the Federal Fair Labor Standards Act, no Wisconsin cases, statutes, or regulations state that the de minimis doctrine applies to Wisconsin DWD regulations or in employment disputes." Id., ¶99 (footnote omitted).

¶37 In this case, the parties stipulated that the total time employees spent donning and doffing was 4.3 minutes per day and that the amount of time the employees spent walking to and from their workstations was up to 4.33 minutes per day. As a result, we need not be a "time-study professional" to determine the amount of time at issue. See id., ¶104. The average amount of damages sought per employee is approximately $675 per year, for five years.[19] This amount is not a "trifle"; viewed in the aggregate it is a significant amount of compensation for tasks that the employees completed daily.

¶38 We assume without deciding that the de minimis doctrine applies to claims arising under Wis. Admin. Code § DWD 272.12, and conclude that the time spent donning and doffing here was not de minimis. We therefore affirm the circuit court's denial of summary judgment on this issue.

C. JDF's equitable defenses are not barred by Wis. Stat. § 109.03(5).

---

[19] The time employees spent walking to and from the various departments and work areas was included in this calculation.

21

¶39 JDF raised several "alternative and affirmative defenses" in its answer to the employees' complaint. JDF asserts that since 1994 there has been an agreement that the Union, as the authorized representative of the employees, would withdraw its request for compensation for donning and doffing in return for JDF increasing the employees' base wages.[20] According to JDF, the employees are now "double dipping" by seeking reimbursement for compensation they have previously collectively bargained not to receive.

¶40 On summary judgment, JDF raised four equitable defenses: promissory estoppel, waiver, laches, and unjust enrichment. The circuit court summarily rejected JDF's equitable defenses without analyzing their merits. As support, the circuit court cited to

---

[20] In support, JDF points to two of the uncontested facts in the record on summary judgment:

> 77. During the back and forth of the labor contract negotiations, when the Union would withdraw one of its economic proposals it did so with the expectation that it was creating an incentive for the Company to make some positive movement in increasing its economic offer.

> 102. The Company would not have been willing to agree to give the same level of wage rate increase in 2009 if the Union insisted and prevailed on the Company to pay an extra amount for donning/doffing and related walking time.

However, it is undisputed that proposals can be withdrawn for a multitude of reasons. As the employees assert, throughout the parties' long bargaining history there have been hundreds or thousands of proposals that were withdrawn during the course of bargaining. JDF admitted at oral argument that there was nothing in the record that explicitly tied the increase in the employees' base wage to the Union's withdrawal of its proposal for compensated donning and doffing time.

22

Wis. Stat. § 109.03(5),[21] which it concluded "prevented clauses in contracts from precluding the right to court access."  The circuit court viewed the four equitable defenses as contravening this "strong statement of broad public policy supporting access to courts."

¶41 We review the circuit court's discretionary determination to dismiss JDF's equitable defenses using an erroneous exercise of discretion standard.  See Johnson, 339 Wis. 2d 493, ¶22.  A circuit court erroneously exercises its discretion when it applies an improper legal standard or makes a decision not reasonably supported by the facts of record.  Id.; McConnohie, 113 Wis. 2d at 371.

¶42 The circuit court incorrectly concluded that the mere existence of a statutory cause of action bars equitable defenses. Wisconsin Stat. § 109.03(5) is a vehicle for employees to assert their right to unpaid wages in state court.  See, e.g., Aguilar,

---

[21] Wisconsin Stat. § 109.03(5) states:

Except as provided in sub. (1), no employer may by special contract with employees or by any other means secure exemption from this section. Each employee shall have a right of action against any employer for the full amount of the employee's wages due on each regular pay day as provided in this section and for increased wages as provided in [§] 109.11(2), in any court of competent jurisdiction. An employee may bring an action against an employer under this subsection without first filing a wage claim with the department under [§] 109.09(1). An employee who brings an action against an employer under this subsection shall have a lien upon all property of the employer, real or personal, located in this state as described in [§] 109.09(2).

361 Wis. 2d 597, ¶12 ("The plaintiffs then brought suit in state court pursuant to Wis. Stat. § 109.03(5), which authorizes such claims . . . ."); Hubbard v. Messer, 2003 WI 145, ¶10, 267 Wis. 2d 92, 673 N.W.2d 676 ("Wisconsin Stat. § 109.03(5) grants employees a right of action against employers for all unpaid wages due to the employee."). Principles of equity, on the other hand, are not bound by statute and a determination as to their applicability is within a circuit court's discretion. See Culbert v. Ciresi, 2003 WI App 158, ¶16, 266 Wis. 2d 189, 667 N.W.2d 825 ("Whether to apply estoppel to preclude a party from raising a defense is within the trial court's discretion."); see also Prince v. Bryant, 87 Wis. 2d 662, 674, 275 N.W.2d 676 (1979) (emphasizing that a circuit court has the power to apply an equitable remedy as necessary to meet the needs of a case).

¶43 We conclude that the circuit court applied an improper legal standard when it determined that Wis. Stat. § 109.03(5), which outlines the right of an employee to bring a wage claim, acted as a complete bar to JDF's equitable defenses. We therefore remand the case to the circuit court for full consideration of each of the equitable defenses and a determination as to whether any of these defenses preclude the employees' recovery of damages.

IV.  CONCLUSION

¶44 We conclude that under Wisconsin law, compensation for donning and doffing cannot be modified or eliminated through collective bargaining. We assume without deciding that the de minimis doctrine applies to claims arising under Wis. Admin. Code § DWD 272.12, and conclude that the time the employees spent

24

donning and doffing was not de minimis. Finally, we conclude that the circuit court erroneously exercised its discretion and the case should be remanded for full consideration of JDF's four equitable defenses. We therefore affirm in part, reverse in part, and remand the case to the circuit court.

*By the Court.*—The decision of the circuit court is affirmed in part, reversed in part, and cause remanded.

¶45 ANNETTE KINGSLAND ZIEGLER, J. *(dissenting).* I write separately because the majority errs when it concludes that compensable donning and doffing time is not subject to collective bargaining. It is. The majority concludes otherwise because it gives short-shrift to clearly contrary statements from four justices of this court, and ignores the plain language of the Wisconsin Administrative Code ("the Code"). I respectfully dissent.

¶46 I conclude that compensation for donning and doffing is subject to collective bargaining and may be bargained away, modified, or waived under Wis. Admin. Code § DWD 274.05 (April 2018).[1] I also conclude that there is an issue of material fact regarding whether compensation for donning and doffing was actually bargained away in this case. Finally, I conclude that the de minimis doctrine applies in Wisconsin. I take issue with the majority's failure to answer the important question whether the de minimis doctrine applies and the majority's failure to provide guidance regarding equitable defenses. Accordingly, I would remand to the circuit court for further proceedings consistent with this opinion.

¶47 While I disagree with the majority's conclusions, the majority aptly summarizes the relevant and undisputed facts of this case. I will not separately summarize the facts. Rather, this writing assumes the reader's familiarity with the relevant facts and will reference them as needed.

---

[1] All subsequent references to the Wisconsin Administrative Code ch. DWD 274 are to the April 2018 register date unless otherwise indicated.

## I. STANDARD OF REVIEW

¶48  "This court applies the same summary judgment standards as the circuit court, pursuant to Wis. Stat. § 802.08(2) and Bell v. County of Milwaukee, 134 Wis. 2d 25, 30, 396 N.W.2d 328 (1986). Summary judgment is appropriate when there are no issues of material fact and only a question of law is presented.  Id." Aguilar v. Husco Int'l., Inc., 2015 WI 36, ¶17, 361 Wis. 2d 597, 863 N.W.2d 556.

¶49  In order to determine whether compensation for donning and doffing was subject to collective bargaining in this case, we must interpret the language of the Wisconsin Administrative Code and then apply that language to the facts of this case.  "The interpretation and application of a statute present questions of law that this court reviews de novo while benefiting from the analyses of the court of appeals and circuit court." State v. Alger, 2015 WI 3, ¶21, 360 Wis. 2d 193, 858 N.W.2d 346 (citing State v. Ziegler, 2012 WI 73, ¶37, 342 Wis. 2d 256, 816 N.W.2d 238).  "When interpreting administrative regulations the court uses the same rules of interpretation as it applies to statutes."  United Food & Commercial Workers Union, Local 1473 v. Hormel Foods Corp., 2016 WI 13, ¶30, 367 Wis. 2d 131, 876 N.W.2d 99.  Accordingly, the interpretation and application of the administrative code is a question of law we review de novo using traditional tools of interpretation.

¶50  "We begin our analysis with the language of the relevant [administrative regulation].  State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.

The purpose of [our] interpretation is to give the [regulation] 'its full, proper, and intended effect.' Id., ¶44. If the [regulation's] language is plain, we end the inquiry and give the language its 'common, ordinary, and accepted meaning, except [we give] technical or specially-defined words or phrases . . . their technical or special definitional meaning.' Id., ¶45." State v. Lopez, 2019 WI 101, ¶10, 389 Wis. 2d 156, 936 N.W.2d 125. "This court also analyzes the context and structure of a [regulation] to determine its meaning. [Regulation] language 'is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related [regulations] . . . .' [Kalal, 271 Wis. 2d 633, ¶46]. 'A [regulation's] purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely-related [regulations]——that is, from its context or the structure of the [regulation] as a coherent whole.' Id., ¶49." Lopez, 389 Wis. 2d 156, ¶11.

## II. ANALYSIS

### A. JDF Conceded That Its Employees' Donning And Doffing Is Compensable.

¶51 Under the Wisconsin Administrative Code, employees are entitled to compensation for certain activities. Generally speaking, under Wis. Admin. Code § DWD 272.12(1)(a) (May 2019)[2]:

1. Employees subject to the statutes must be paid for all time spent in "physical or mental exertion

_____

[2] All subsequent references to the Wisconsin Administrative Code ch. DWD 272 are to the May 2019 register date unless otherwise indicated.

3

(whether burdensome or not) <u>controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business.</u>" The workweek ordinarily includes "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place."

2. "<u>Workday</u>," in general, <u>means the period between</u> "<u>the time</u> on any particular workday at which <u>such employee commences their principal activity or activities</u>" and "<u>the time</u> on any particular workday at which <u>they cease such principal activity or activities</u>." The "workday" may thus be longer than the employee's scheduled shift, hours, tour of duty, or time on the production line. Also, its duration may vary from day to day depending upon when the employee commences or ceases their "principal" activities.

§ DWD 272.12(1)(a)1.-2. (emphases added).

¶52 Employees' daily preparatory and concluding activities are not always compensable as "workday" "principal activities." Wis. Admin. Code § DWD 272.12(2)(e). Rather, they may be categorized as non-compensable "preliminary" and "postliminary" activities. § DWD 272.12(2)(e)1.c. Compensable "principal activities" include only "activities which are an integral part of a principal activity." § DWD 272.12(2)(e)1. An activity is "integral" if it is "closely related" and "indispensable" to performance of an employee's principal activity. § DWD 272.12(2)(e)1.c. For example:

> If an <u>employee</u> in a chemical plant . . . <u>cannot perform their principal activities without putting on certain clothes, changing clothes</u> on the employer's premises at the beginning and end of the workday <u>would be an integral part of the employee's principal activity.</u> On the other hand, if changing clothes is merely a convenience to the employee <u>and not directly related to their principal activities, it would be considered as a "preliminary" or "postliminary" activity</u> rather than a principal part of the activity. However, activities such as checking in and out and waiting in line to do so would not ordinarily

4

be regarded as integral parts of the principal activity
or activities.

Id. (emphases added).

¶53 Accordingly, changing clothes or donning and doffing protective gear requires compensation only if it is "integral" to an employee's principal activity——only if it is "closely related" and "indispensable" to the employee's principal activity——but not if it is "merely a convenience."

¶54 In this case, JDF requires its employees to don and doff "safety footwear, frocks, hairnets, aprons, ear plugs, and plastic bump caps" "at the beginning and end of their shifts." Majority op., ¶4. As the majority notes, "JDF conceded at oral argument that the time employees spent donning and doffing was compensable" under Hormel Foods Corp. and Weissman v. Tyson Prepared Foods. Majority op., ¶19 n.13. See also Hormel Foods Corp., 367 Wis. 2d 131; Weissman v. Tyson Prepared Foods, Inc., 2013 WI App 109, 350 Wis. 2d 380, 838 N.W.2d 502. In light of that concession, I assume without deciding that the donning and doffing at issue in this case is integral to JDF's employees' principal activity.

### B. Compensable Donning And Doffing Is Subject To Collective Bargaining.

¶55 Four justices on this court have previously answered the question whether compensation for donning and doffing may be bargained away under Wisconsin law with a resounding "Yes" in Hormel Foods Corp. In that case, Hormel did not argue that compensation for donning and doffing had in fact been bargained away in a collective bargaining agreement ("CBA"), but it was clear

5

that it could have been.  See Hormel Foods Corp., 367 Wis. 2d 131.
Chief Justice Roggensack wrote:

> Hormel does not argue that no compensation [for donning and doffing] is due because such compensation was bargained away in a collective bargaining agreement, which is permitted under state and federal law. See Aguilar v. Husco Int'l, Inc., 2015 WI 36, ¶24, 361 Wis. 2d 597, 863 N.W.2d 556; Wis. Admin. Code § DWD 274.05; see also Sandifer v. United States Steel Corp., [571 U.S. 220 (2014)].

Id., ¶113 n.6 (Roggensack, C.J. concurring/dissenting, joined by Prosser, J.).  And Justice Gableman wrote:

> The Wisconsin Administrative Code allows employees to bargain away rights they would otherwise have under the Code as long as the parties enter into a CBA agreement and apply for a waiver or otherwise meet the factors required for a waiver.  See Wis. Admin. Code § DWD [274.05]; Aguilar v. Husco Int'l, Inc., [362 Wis. 2d 597, ¶11].

Id., ¶145 n.3 (Gableman, J. dissenting, joined by Ziegler, J.).
This four-justice conclusion that compensation for donning and doffing may be bargained away is correct and consistent with the plain language of the Wisconsin Administrative Code and this court's prior decision in Aguilar.  Here is why.

¶56  First, the plain language of Wis. Admin. Code § DWD 274.05 permits compensation for donning and doffing to be bargained away, waived, or modified.  The employees argue that compensation for donning and doffing is not subject to collective bargaining because compensation for donning and doffing is regulated under chapter 272 of the Code, and not chapter 274 (meaning § DWD 274.05 does not apply to it).  The majority agrees.  Majority op., ¶¶28, 34.  But, as counsel for JDF explained at oral argument, this

interpretation is incorrect. It is not true that chapters 272 and 274 are "two silos" "and never the two shall meet."

¶57 Wisconsin Admin. Code § DWD 274.05 allows for the waiver or modification of compensation based on collective bargaining agreements. It says:

> Except as provided in s. DWD 274.08, where a collectively bargained agreement exists, the department may consider the written application of labor and management for a waiver or modification to the requirements of this chapter based upon practical difficulties or unnecessary hardship in complying therewith. If the department determines that in the circumstances existing compliance with this chapter is unjust or unreasonable and that granting such waiver or modification will not be dangerous or prejudicial to the life, health, safety or welfare of the employees, the department may grant such waiver or modification as may be appropriate to the case.

§ DWD 274.05 (emphases added). The employees and the majority focus on the "of this chapter" language but fail to appreciate what that language actually means. Immediately prior to § DWD 274.05, in Wis. Admin. Code § DWD 274.045, the plain language "of this chapter"——chapter 274——incorporates "[t]he provisions of s. DWD 272.12." § DWD 274.045. It says, "The provisions of s. DWD 272.12 apply to the interpretation of hours worked under this chapter." Id. (emphasis added).

¶58 The majority misunderstands the significance of this incorporation by reference. The majority concludes that since Wis. Admin. Code § DWD 274.045 explicitly incorporates by reference Wis. Admin. Code § DWD 272.12, and § DWD 274.05 does not, the donning and doffing at issue in this case is not subject to collective bargaining agreements under § DWD 274.05. The majority's conclusion ignores the fact that § DWD 274.045

7

incorporates § DWD 272.12 for "the interpretation of hours worked under this chapter"——all of chapter 274——not just § DWD 274.045. § DWD 274.045 (emphasis added).

¶59 Accordingly, chapter 274 explicitly incorporates by reference Wis. Admin. Code § DWD 272.12, which defines "hours worked" for compensation purposes. Thus, if and when donning and doffing is compensable under § DWD 272.12, that compensation is subject to collective bargaining and waiver or modification under Wis. Admin. Code § DWD 274.05. As noted above, JDF conceded that the donning and doffing at issue in this case is compensable under § DWD 272.12. Accordingly, it was clearly subject to collective bargaining and waiver or modification under § DWD 274.05.

¶60 Neither party in this case actually applied for a waiver or modification of compensation for donning and doffing under Wis. Admin. Code § DWD 272.12. But a formal application to the Department of Workforce Development is not always necessary. Wis. Admin. Code § DWD 274.05 says:

> If the department determines that in the circumstances existing compliance with this chapter is unjust or unreasonable and that granting such waiver or modification will not be dangerous or prejudicial to the life, health, safety or welfare of the employees, the department may grant such waiver or modification as may be appropriate to the case.

Id. Thus, the right to compensation may be bargained away "as long as the parties enter into a CBA agreement and apply for a waiver or otherwise meet the factors required for a waiver. See Wis. Admin. Code § DWD [274.05]; Aguilar v. Husco Int'l, Inc., [362 Wis. 2d 597, ¶11]." Hormel Foods Corp., 367 Wis. 2d 131, ¶145 n.3 (Gableman, J. dissenting, joined by Ziegler, J.) (emphases

8

added). Under the plain language of the Code, the right to compensation may be bargained away if (1) there is a CBA, and (2) the § DWD 274.05 factors are met. And either the DWD or a reviewing court may determine whether the § DWD 274.05 factors are met. We came to a similar conclusion in Aguilar.

¶61 In that case, a union and Husco International, Inc. agreed in a CBA that employee meal breaks less than 30 minutes would not be compensated. Aguilar, 361 Wis. 2d 597, ¶9. The CBA was contrary to Wis. Admin. Code § DWD 274.02 (2006), which required compensation for meal breaks less than 30 minutes. Id., ¶¶22-23. Later, as in this case, the union came back and asserted "that Husco was required to pay employees for the unpaid breaks notwithstanding the CBA." Id., ¶10. The union then filed a complaint with the DWD. But "the DWD notified the union that the DWD would not seek back pay" of the meal break compensation. Id., ¶11. The initial decision stated:

> "It is not disputed that the parties failed to request a waiver from the department under DWD 274.05. However, that is a technical violation of the code." After noting that there was no reason to think that the agreement "jeopardized the life, health, safety or welfare" of the employees and that the meal-break length had been a part of "the give and take of collective bargaining," the decision concluded, "Based on [DWD] review of this matter, the factors required to approve a waiver or modification of DWD 272.02 are present in the facts of this case."

Id., ¶26 (emphasis added). We upheld this determination as reasonable and consistent with the purpose of the regulation. Id., ¶¶36-37.

¶62 Accordingly, the failure to request a waiver from the DWD is a mere technical violation. A party may still argue to the

9

DWD or a reviewing court that the right to compensation was bargained away, modified, or waived because (1) there is a CBA, and (2) the § DWD 274.05 factors are met. See Wis. Admin. Code § DWD 274.05; Aguilar, 361 Wis. 2d 597, ¶¶26, 36-37.

¶63 The facts of Aguilar are similar to those of this case. Here, the Union and JDF's negotiations during collective bargaining involved discussions of compensation for donning and doffing. And now, despite their CBAs, the employees seek back pay for uncompensated donning and doffing. Also as in Aguilar, neither party filed an application for a waiver with the DWD. Under Aguilar, it is clear that the compensation for donning and doffing in this case still could have been bargained away. It is also clear that compensation for donning and doffing was bargained away if (1) there was a CBA which bargained away compensation for donning and doffing, and (2) the § DWD 274.05 factors were met. What is less clear is whether the first prong is satisfied——whether the employees' right to compensation for donning and doffing was, in fact, bargained away.

### C. There Is An Issue Of Material Fact Regarding Whether Compensation For Donning And Doffing Was In Fact Bargained Away.

¶64 It is undisputed that the Union requested compensation for donning and doffing during collective bargaining negotiations in 1994, 1997, 2000, 2004, and 2009. Majority op., ¶¶5-6. It is also undisputed that, at some point during each negotiation, the Union withdrew its request. Id. And it is undisputed that each collective bargaining negotiation resulted in increased base wages

10

for JDF employees. Id. Finally, JDF's Statement of Facts included two undisputed assertions relevant to the negotiations:

> 77.   [In 2004,] [d]uring the back and forth of the labor contract negotiations, when the Union would withdraw one of its economic proposals it did so with the expectation that it was creating an incentive for [JDF] to make some positive movement in increasing its economic offer.

> 102. [JDF] would not have been willing to agree to give the same level of wage rate increase in 2009 if the Union insisted and prevailed on [JDF] to pay an extra amount for donning/doffing and related walking time.

Majority op., ¶39 n.20.

¶65  On this record, it is undisputed that JDF and the Union's collective bargaining negotiations over the years involved discussions regarding compensation for donning and doffing. But nothing in writing came out of the collective bargaining negotiations which specifically stated whether the right to compensation for donning and doffing was actually bargained away. If the relevant CBAs between the Union and JDF had said, "In exchange for the Union's waiver of compensation for donning and doffing protective gear, JDF will hereby increase base wages by X amount," then this would be an easy case. The employees would have bargained away their right to compensation for donning and doffing. But we have no such language in the CBAs. Thus, there remains an issue of material fact: Was compensation for donning and doffing actually bargained away?

¶66 Accordingly, I conclude that compensation for donning and doffing is subject to collective bargaining and may be bargained away under the plain language of Wis. Admin. Code § DWD 274.05. But I would remand for a factual determination under the

11

first prong of § DWD 274.05——whether the right to compensation for donning and doffing was actually bargained away in this case. The second prong——whether the § DWD 274.05 factors are met——also remains to be determined.

### D. The Majority Fails To Decide Whether The De Minimis Doctrine Applies And Provides No Guidance Regarding The Applicability Of Equitable Defenses.

¶67 In addition to my disagreement with the majority's conclusions, I also take issue with the majority because it dodges important questions squarely before this court. The majority "assume[s] without deciding that the de minimis doctrine applies to claims arising under Wis. Admin. Code § DWD 272.12, and conclude[s] that the time spent donning and doffing here was not de minimis." Majority op., ¶38. Thus, the majority reaches its desired result without deciding an issue squarely presented to this court——whether the de minimis doctrine applies in Wisconsin. And the majority comes to a legal conclusion that the time is not de minimis without actually adopting a de minimis standard. The majority dodges this important issue entirely the same way the lead opinion in Hormel Foods Corp. did four years ago. See Hormel Foods Corp., 367 Wis. 2d 131, ¶181 (Gableman, J. dissenting, joined by Ziegler, J.) ("[T]he lead opinion, while pretending to engage in a de minimis-like discussion, does not actually answer the question before us. Specifically, the lead opinion does not determine whether the de minimis doctrine applies in Wisconsin, does not explain what test or approach it used to reach its conclusion, and thus, does not provide any guidance for courts and parties moving forward.").

12

¶68 I cannot join the majority's de minimis analysis because it leaves this important issue regarding the status of the de minimis doctrine in Wisconsin undecided. Rather, I would conclude that the de minimis doctrine does indeed apply to claims arising under Wis. Admin. Code § DWD 272.12. As the United States Supreme Court has explained:

> When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when the employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946) (superseded by statute as noted in Integrity Staffing Solutions, Inc. v. Busk, 574 U.S. 27 (2014)).

¶69 Furthermore, I cannot join the majority's de minimis analysis because the majority comes to a conclusion that the donning and doffing time is not de minimis without even adopting a standard. Majority op., ¶37. The majority leaves the bench and bar with nothing but confusion and unpredictability, just as the lead opinion did in Hormel Foods Corp. See Hormel Foods Corp., 367 Wis. 2d 131, ¶189 (Gableman, J. dissenting, joined by Ziegler, J.) (footnote omitted) ("The lead opinion tiptoes past this quagmire by sidestepping the question entirely. Consequently, the question is left unanswered and Wisconsinites are left wondering.").

¶70 The majority also "conclude[s] that the circuit court applied an improper legal standard when it determined that Wis.

13

Stat. § 109.03(5) . . . acted as a complete bar to JDF's equitable defenses." Majority op., ¶43. It then remands to the circuit court "for full consideration of each of the equitable defenses and a determination as to whether any of these defenses preclude the employees' recovery of damages." Id. I agree with the majority that § 109.03(5) is not a complete bar to equitable defenses, but I cannot join the majority opinion because it provides the circuit court with no guidance whatsoever regarding those equitable defenses.

### III. CONCLUSION

¶71 I conclude that compensation for donning and doffing is subject to collective bargaining and may be bargained away, modified, or waived under Wis. Admin. Code § DWD 274.05. I also conclude that there is an issue of material fact regarding whether compensation for donning and doffing was actually bargained away in this case. Finally, I conclude that the de minimis doctrine applies in Wisconsin. I take issue with the majority's failure to answer the important question whether the de minimis doctrine applies and the majority's failure to provide guidance regarding equitable defenses. Accordingly, I would remand to the circuit court for further proceedings consistent with this opinion.

¶72 For the foregoing reasons, I respectfully dissent.

¶73 I am authorized to state that Chief Justice PATIENCE DRAKE ROGGENSACK joins this dissent.

14

¶74 REBECCA GRASSL BRADLEY, J. *(dissenting)*. I agree with the majority that Wisconsin law precludes parties from bargaining away employees' statutory rights to compensation. However, I disagree with the majority's conclusion that the time spent by Jones Dairy Farm ("JDF") employees donning and doffing was de minimis. I also disagree with the majority's decision to "assume without deciding" that the de minimis doctrine applies to claims under Wis. Admin. Code § DWD 272.12 (May 2019). The de minimis doctrine is prevalent in other areas of Wisconsin law, and the doctrine applies to employment claims under federal law. I would apply the de minimis doctrine to claims under Wisconsin's labor laws and conclude that the donning and doffing time in this case was de minimis. I respectfully dissent.[1]

I

¶75 The doctrine of "de minimis non curat lex" recognizes that "[t]he law does not concern itself with trifles." De Minimis Non Curat Lex, Black's Law Dictionary (11th ed. 2019). This doctrine appeared in 19th century Wisconsin cases and predates statehood. See, e.g., Hass v. Prescott, 38 Wis. 146, 151 (1875) (concluding that even if the judgment was 24 cents in excess of what was appropriate, "it would not work a reversal of the judgment. De minimis non curat lex"); Carman v. Hurd, 1 Pin. 619, 624 (1846) ("An excess of some sixty-four cents . . . is complained of here. This is a small matter to urge in this court: de minimis non curat lex."). This court has applied the doctrine

---

[1] Because I conclude the time at issue in this case was de minimis, I would not reach the equitable defenses raised by JDF.

1

in a variety of contexts. See, e.g., Village of Lannon v. Wood-Land Contractors, Inc., 2003 WI 150, ¶46, 267 Wis. 2d 158, 672 N.W.2d 275 (applying to use of personal property for tax exemptions); Chappy v. LIRC, 136 Wis. 2d 172, 189, 401 N.W.2d 568 (1987) (applying to contract rights); Wisconsin Emp. Relations Bd. v. Lucas, 3 Wis. 2d 464, 469, 89 N.W.2d 300 (1958) (recognizing state labor relations board cannot take jurisdiction of unfair labor complaint if the allegation involves an actor engaging in "more than de minimis" interstate commerce).

¶76 Wisconsin never affirmatively adopted or rejected the de minimis doctrine in employment law. See majority op., ¶38 ("We assume without deciding that the de minimis doctrine applies to claims arising under Wis. Admin. Code § DWD 272.12[.]"); United Food & Commercial Workers Union, Local 1473 v. Hormel Foods Corp., 2016 WI 13, ¶¶98-100, 367 Wis. 2d 131, 876 N.W.2d 99 (Abrahamson, J., joined by Ann Walsh Bradley, J.) ("Assuming, without deciding, that the de minimis doctrine is applicable to claims under Wis. Admin. Code § DWD 272.12[.]"); Id., ¶181 (Gableman, J., dissenting, joined by Zeigler, J.) ("[T]he lead opinion does not determine whether the de minimis doctrine applies in Wisconsin[.]").

¶77 In contrast, the doctrine is well-established in federal employment law. In a case involving compensation for time spent walking in the workplace, the Supreme Court stated:

> We do not, of course, preclude the application of a de minimis rule where the minimum walking time is such as to be negligible. . . . When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. . . . It is only when an employee is

2

required to give up a substantial measure of his time and effort that compensable working time is involved. The de minimis rule can doubtless be applied to much of the walking time involved in this case[.]

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946) superseded by statute, Portal to Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84, as recognized in Integrity Staffing Sols., Inc. v. Busk, 574 U.S. 27 (2014). In Integrity Staffing Sols., the Supreme Court again acknowledged the doctrine in the context of employment compensation, "reject[ing] the employees' argument that time spent waiting to undergo the security screenings is compensable [under federal law] because Integrity Staffing could have reduced that time to a de minimis amount." Integrity Staffing Sols., 574 U.S. at 36.

¶78 The United States Court of Appeals for the Ninth Circuit established criteria for determining whether otherwise compensable time is de minimis: (1) "the amount of daily time spent on the additional work"; (2) "the practical administrative difficulty of recording the additional time"; (3) "the aggregate amount of compensable time"; and (4) "the regularity of the additional work." Lindow v. United States, 738 F.2d 1057, 1062-63 (9th Cir. 1984). Although no exact amount or rigid rule is determinative, "[m]ost courts have found daily periods of approximately 10 minutes de minimis[.]" Id. at 1062 (citations omitted). Applying these factors, the Lindow court deemed de minimis an average of 7 to 8 minutes a day performing pre-shift activity because recording this time was administratively difficult and the employees did not regularly perform the pre-shift compensable work. Id. at 1064.

¶79 Other federal courts of appeal are in accord. See, e.g., Kellar v. Summit Seating, Inc., 664 F.3d 169, 176-77 (7th Cir.

3

2011) (applying Lindow; concluding pre-shift work between 15 and 40 minutes per day was not de minimis); Perez v. Mountaire Farms, Inc., 650 F.3d 350, 372-75 (4th Cir. 2011); (adopting the Lindow factors and holding 10.204 minutes per day was not de minimis); Brock v. City of Cincinnati, 236 F.3d 793, 804-05 (6th Cir. 2001) (holding the doctrine was not applicable after balancing the Lindow criteria); Reich v. Monfort, Inc., 144 F.3d 1329, 1333-34 (10th Cir. 1998) (applying the Lindow factors); Reich v. New York City Transit Auth., 45 F.3d 646, 652-53 (2d Cir. 1995) (applying the Lindow test and concluding extra time dog handlers spent attending their dogs was de minimis); see also 29 C.F.R. § 785.47 (2019). I would join other courts in adopting Lindow's test for assessing whether the time Wisconsin employees spend donning and doffing is de minimis.

II

¶80    In this case, the parties stipulated that the total time an employee spent donning and doffing per day was 4.3 minutes. The time spent walking to the employees' workstations varied from .30 minutes to 4.33 minutes, depending on the department. Collectively, the employees seek pay for time ranging from roughly 4 minutes and 40 seconds to roughly 8 minutes and 40 seconds. In Lindow, the Ninth Circuit held that 7 to 8 minutes of time spent per day was de minimis. See Lindow, 738 F.2d at 1064. Even assuming 10 minutes of non-paid time, it was "negligible so that the de minimis rule . . . should be applied." Green v. Planters Nut & Chocolate Co., 177 F.2d 187, 188 (4th Cir. 1949). Indeed, "[m]ost courts have found daily periods of approximately 10 minutes de minimis even though otherwise compensable." Lindow, 738 F.2d

4

at 1062 (citations omitted).  As the dissent in Hormel noted, "Lindow itself stands for the proposition that 7 to 8 minutes . . . qualified as de minimis."  367 Wis. 2d 131, ¶187 n.24 (Gableman, J., dissenting joined by Zeigler, J.) (citing Lindow, 738 F.2d at 1063-64); see also Hoyt v. Ellsworth Co-op. Creamery, 579 F. Supp. 2d 1132, 1138 (W.D. Wis. 2008) ("Spending approximately 10 minutes per day changing may weigh in favor of the time being considered de minimis.").  This first factor suggests the time spent donning and doffing by JDF employees, as well as walking to their workstations, should be deemed de minimis.

¶81  The next consideration is the "administrative difficulty of recording the additional time."  Lindow, 738 F.2d at 1063.  In particular, the inquiry focuses on the "practical administrative difficulty of recording small amounts of time for payroll purposes."  Id. at 1062 (emphasis added; citation omitted).  While the parties stipulated to the time in this case, such an ex-post stipulation in the midst of litigation says nothing about the administrative difficulty of recording the additional time.  JDF explained it stipulated to the number of minutes because litigating the amount would be expensive due to the difficulty of accurately measuring and recording the time spent donning and doffing.

¶82  One of the plaintiffs and another employee testified JDF employees often engaged in personal conversations or personal activities during the same pre- or post-shift time spent donning and doffing.  Under these circumstances, JDF would be challenged to measure the time spent donning and doffing without also capturing non-compensable personal activities.  See Lindow, 738 F.2d at 1063-64 (concluding there would have been administrative

5

difficulty "monitoring [] pre-shift activity" in part because of a "wide variance in the amount of pre-shift time spent on compensable activities as opposed to social activities."). Similarly, there is no practical way JDF could account for the differing speeds with which employees don and doff their clothing, or walk to their stations. See Monfort, Inc., 144 F.3d at 1334 (concluding that where "employees used a variety of safety gear that took varying times to take on and off" it was "administratively difficult to record the actual time each worker engaged in these activities"). It would be nearly impossible for JDF to accurately account for each employee's time spent donning and doffing. The administrative difficulty in recording this additional time weighs heavily in favor of the donning and doffing time being de minimis.

¶83 The third Lindow factor examines the aggregate amount of the donning and doffing time. The stipulated time range averages $675 per employee per year. See majority op., ¶37. Even if the aggregate compensable wages may weigh against determining the claim to be de minimis, this factor is not dispositive. Rather, "the administrative difficulty of recording the time and the irregularity of the additional pre-shift work" renders the claim de minimis even if "plaintiffs' aggregate claim may be substantial." Lindow, 738 F.2d at 1064.

¶84 Lindow's final factor in the de minimis analysis considers the "regularity of the additional work." Lindow, 738 F.2d at 1063. While the JDF employees don their clothes every day prior to their shifts and doff them each day at the end of their shifts, the irregularity in these activities, as in Lindow, stems

6

from "a wide variance in the amount of pre-shift time spent on compensable activities as opposed to social activities." Id. at 1063. The personal activities periodically and unpredictably intermingled with donning and doffing, such as primping, socializing with co-workers, reading newspapers, texting, and surfing the internet, introduce irregularity in performing work tasks and weigh in favor of the time being deemed de minimis under the Lindow test. Id. at 1063-64.

¶85 While the aggregate size of the claim and daily practice of donning and doffing weigh against deeming plaintiffs' claim de minimis, the daily amount of time spent engaging in these activities, the variability among employees in the time spent on compensable work versus personal activities, and the administrative difficulty in recording the additional time all weigh in favor of deeming the time to be de minimis. Lindow described the specific time spent each day performing the work as the "important factor" and noted the rule in its entirety focuses on the "administrative difficulty" consideration. See Lindow, 738 F.2d at 1062. The Supreme Court has likewise placed more weight on the specific time spent each day on the challenged activity. In Anderson, the Court noted that it could apply the de minimis rule to "much of the walking time involved[,]" but remanded for a factual determination "as to the amount of walking time in issue." 328 U.S. at 692 (emphasis added). The Court was clear its main concern focused on the first factor adopted by Lindow:

> When the matter in issue concerns only a few seconds or minutes of working beyond the scheduled working hours, such trifles may be disregarded. . . . It is only when the employee is required to give up a substantial measure

7

of his time and effort that compensable working time is
involved.

Id. (emphasis added). In rejecting application of the de minimis
rule, the Court just a few years ago emphasized the specific time
at issue. See Integrity Staffing Sols., 574 U.S. at 36-37
(rejecting an argument that the time spent was compensable because
the employer "could have reduced that time to a de minimis amount."
(emphasis added)).

III

¶86 In the context of labor law, Wisconsin cases provide no
guidance regarding application of the de minimis doctrine, this
court having declined to decide the issue. We have already adopted
the doctrine in other areas of law, see supra ¶75, and we should
extend the doctrine to wage and hour claims, consistent with
federal courts. Harmonizing the Supreme Court's statements in
Anderson and Integrity Staffing Sols. with the Ninth Circuit's
holding in Lindow, the specific time spent each day on the activity
and the administrative difficulty in recording the additional time
are the most important considerations in the de minimis analysis.
The roughly 4 minutes and 40 seconds to 8 minutes and 40 seconds
spent per day donning and doffing and walking to workstations
render the time de minimis, particularly when coupled with the
administrative difficulty in recording this extra time for payroll
purposes. Accordingly, I would determine the time to be non-
compensable under the de minimis doctrine. I respectfully dissent.